**TWINS ROLLER CORP., Appellant,**

v.

**ROXY ROLLER RINK JOINT VENTURE, Appellee.**

**No. 85 Civ. 8808 (PKL).**

United States District Court, S.D. New York.

Feb. 4, 1987.

Sol V. Slotnik, Sheber Pomerantz Slotnik & Hamburg, New York City, for Roxy Roller Rink.

Stephen B. Gleich, Baron & Gleich, Great Neck, N.Y., for Twins Roller Corp.

LEISURE, District Judge:

In the instant matter, appellant Twins Roller Corporation ("Twins") appeals an Order entered by United States Bankruptcy Judge Abram, in *In Re Roxy Roller Rink Joint Venture*, No. 84 B. 11469 (Bankr.S.D.N.Y. September 12, 1985) ("Order"). The action is now before the Court upon appellee Roxy Roller Rink Joint Venture's ("Roxy Roller") motion to dismiss

the appeal. Roxy Roller advances three arguments in support of its motion: (1) Twins' notice of appeal was not timely filed under Bankruptcy Rule 8002(a) and no extension was sought to file the notice of appeal; (2) the appeal is moot because the property which is the subject of the appeal has been transferred; and (3) Twins never posted a bond pursuant to its appeal. For the reasons set forth below, Roxy Roller's motion is granted and Twins' appeal is dismissed.

## FACTUAL BACKGROUND

On or about August 21, 1985, Roxy Roller served a notice of intent to sell property under Section 363(b) of the Bankruptcy Code. Twins filed an objection to the assumption and sale motion on August 29, 1985. On September 12, 1985, Judge Abram signed a consent order authorizing Roxy Roller to assume and assign its lease and to sell virtually all of its assets under Sections 363 and 365 of the Bankruptcy Code. The order was filed in the office of the Clerk of the Bankruptcy Court on September 13, 1985. *See* Affidavit of Sol V. Slotnik, Esq., sworn to on January 7, 1986, Ex.A. As pointed out in Judge Abram's Order, Twins failed to appear at hearings on the motions on August 29 and September 11, 1985 despite having notice of the hearings. Slotnik Aff., Ex.A at 2–3.[1]

As already noted, Judge Abram's Order was entered on September 13, 1986. Twins' notice of appeal to the Order is dated October 14, 1985. Slotnik Aff., Ex.B. Twins alleges that despite the Order being filed on September 13, 1985, it did not receive notice of the Order's entry until October 1, 1985. Twins never sought permission to enlarge the time to file its notice of appeal.

---

1. Twins argues that it did not have adequate knowledge of the hearings, insisting that the notice's language was misleading. *See* Affidavit of Stephen B. Gleich, Esq., sworn to on January 13, 1986, Ex.A. Twins claims that the hearing was held on August 29, 1985, and then adjourned to September 11, 1985, without Twins' knowledge. Thus, Twins' insists that it never had an opportunity to be heard on its objections to the sale before the Order was entered by Judge Abram. The Court, however, notes that Judge Abram expressly held that Twins' objections to the sale (filed on August 29, 1985) were without merit.

## LEGAL DISCUSSION

Roxy Roller's first argument in support of its motion to dismiss Twins' appeal is that Twins' notice of appeal was not timely filed. Rule 8001 of the Bankruptcy Rules provides in pertinent part:

An appeal from a final judgment, order, or decree of a bankruptcy judge to a district court ... shall be taken by filing a notice of appeal with the clerk of the bankruptcy court within the time allowed by Rule 8002.

Rule 8002 of the Bankruptcy Rules states:

The notice of appeal *shall* be filed with the clerk of the bankruptcy court *within 10 days of the date of the entry of the judgment, order or decree appealed from.* (emphasis added).

The notes of the Advisory Committee indicate the salutary policy underlying the 10 day limit. "The time of appeal from a [bankruptcy] ... order ... is 10 days rather than the 30 days provided for in civil practice. The shortened time is specified in order to obtain prompt appellate review...." Thus, the Bankruptcy Rules provide that appeals must be noticed within 10 days of entry of the judgment from which the appeal is taken.[2]

█ Failure to file timely a notice of appeal within the meaning of Bankruptcy Rule 8002 bars appellate review. *In re Abdallah,* 778 F.2d 75, 77 (1st Cir.1985); *In re Universal Mineral, Inc.,* 755 F.2d 309, 310 (3d Cir.1985); *In re W.T. Grant Co.,* 425 F.Supp. 565, 567 (S.D.N.Y.1976), *aff'd mem. sub nom. Berger v. Rodman,* 559 F.2d 1202, 1206 (2d Cir.1977). This 10 day limit is strictly construed, requiring strict compliance with its terms. *In re Universal, supra,* 755 F.2d at 311 (citing *Matter of McGuire,* 1 B.R. 496, 499 (W.D.Pa 1979), *aff'd,* 615 F.2d 1353 (3d Cir.1980)); *see also Matter of Ramsey,* 612 F.2d 1220, 1222 (9th Cir.1980); *Matter of Butler's Tire & Battery Co., Inc.,* 592 F.2d 1028, 1034 (9th Cir.1979); *Matter of Best Distribution Co.,* 576 F.2d 1360 (9th Cir.1978). It is also well settled that the rule is jurisdictional. The Advisory Committee's Note to Rule 8002 states that it is "an adaptation of Rule 4(a) of the Federal Rules of Appellate Procedure." "Failure to file a timely notice of appeal thus deprives the district court of jurisdiction to review the bankruptcy court's order or judgment." *In re Universal, supra,* 755 F.2d at 312 (citing *In re LBL Sports Center, Inc.,* 684 F.2d 410, 412 (6th Cir.1982); *Matter of Robinson,* 640 F.2d 737, 738 (5th Cir.1981); *Matter of Ramsey, supra,* 612 F.2d at 1222; *In re H. Daroff & Sons, Inc.,* 403 F.Supp. 234 (E.D. Pa.1981); *In re W.T. Grant, supra,* 425 F.Supp. at 467).

In the present case, it is undisputed that Judge Abram's Order was entered on September 13. Under Rule 8002, September 24, 1985, was the last day on which to file an appeal from the Order. Twins' notice of appeal is dated October 14, 1985 and could not have been served or filed until on or about that day, well after the expiration of the limitations period. Furthermore, Twins did not move, prior to the expiration of the time period to file a notice of appeal, for enlargement of its time to do so. In fact, Twins never applied for an enlargement of the applicable time period. Therefore, on

---

**2.** There is a provision in the Rules, however, allowing for an extension of time, in certain cases, over this 10 day period:

The bankruptcy court may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed the the rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of time for filing a notice of appeal may be granted upon a showing of excusable neglect.... Rule 8002(c).

Therefore, an appeal from a Bankruptcy Judge's order must be filed within 10 days after the entry of that order, unless a request for an extension is made within the initial 10 day period in which case the appellant has 20 additional days to file the notice of appeal. If excusable neglect is shown, the request for an extension need not be made within 10 days of the filing of the bankruptcy order. However, assuming such a showing, any request for an extension must be made within the 30 day period following entry of the judgment or order. The Court notes that appellant is not alleging "excusable neglect." Gleich Aff. at ¶ 12.

its face, Twins' notice of appeal is untimely.

■ Although Twins concedes that it failed to file timely its notice of appeal, it argues that there are extraordinary circumstances present in this case which permit this Court to transgress its clear jurisdictional boundaries.[3] Apparently Twins believes that the fact that the Bankruptcy Court Clerk did not mail it notice immediately after the Order was entered somehow tolls the strict 10 day time period. This is incorrect.

Rule 9022, in pertinent part, states:

Immediately on the entry of a judgment or order the clerk shall serve a notice of the entry by mail.... *Lack of notice of the entry does not affect the time to appeal or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002.* (emphasis supplied).

The language of Bankruptcy Rule 9022 directly parallels that of Fed.R.Civ.P. 77(d). Moreover, the Advisory Committee Note to Rule 9022 states that "Subdivision (a) of this rule is an adaptation of Rule 77(d) F.R.Civ.P." The Advisory Committee on the Federal Rules clearly states that "notification by the clerk of the entry of judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants. And lack of such notification in itself has no effect upon the time for appeal.... It would, therefore be entirely unsafe for a party to rely on absence of notice from the clerk of the entry of a judgment...." Notes of Advisory Committee on Rules—1946 Amendments; *see Ashby Enterprises v. Weitzman, DYM & Assoc.*, 780 F.2d 1043, 1046 (D.C.Cir. 1986). "This rationale applies with equal force to Bankruptcy Rule 9022(a)." *Matter of Hilliard*, 36 B.R. 80, 82 (S.D.N.Y.1984).

In short, the clerk's failure to mail notice of the order, pursuant to Rule 9022(a) has no effect on the running of time to file the notice of appeal. *Id.* at 82 (citing *In re Pacific Sales Company*, 13 B.R. 634 (Bkrtcy.D.P.R.1981)); *see also Coleman v. Smith*, No. 86–7963, (N.D.Ill. Dec. 1, 1986) (Shadur, J.) [Available on WESTLAW, DCTU database] (available on LEXIS). Consequently, appellant's inexcusable failure[4] is unaffected by the failure of the Clerk of the Bankruptcy Court to mail notice of entry of Judge Abram's Order.

### CONCLUSION

For the reasons set forth above[5], Roxy Roller's motion is granted. Twins' appeal of Judge Abram's decision is hereby dismissed.

SO ORDERED.

---

**3.** The only case cited by Twins in support of this proposition is *In re Magouirk*, 693 F.2d 948 (9th Cir.1982). That case concerns the construction of the term "excusable neglect," raised in a context other than that of Rule 8002, which Twins already concedes is not raised in the instant action, and thus is inapposite. The Court also notes that Twins did not bother to submit a memorandum of law in opposition to Roxy Roller's motion to dismiss the appeal which, in and of itself, constitutes grounds to grant Roxy Roller's motion. United States District Courts for the Southern and Eastern Districts of New York, Local Rule 3(b).

**4.** Twins offers no other excuse for its late filing other than the fact that it allegedly did not receive notice from the Clerk's Office until October 1. The Court here notes that there is certainly no requirement that counsel serve counsel for any other party with a copy of the order with notice of entry. In addition, it is clear that counsel for Twins had an obligation to inform himself of the status of the hearing and of the Order, which he could do by directly contacting the law clerk for Judge Abram.

**5.** The Court does not deem it necessary, in light of the decision herein, to reach Roxy Roller's additional arguments in favor of dismissing Twin's appeal.