William KRAUS, Appellant,

v.

CONSOLIDATED RAIL
CORPORATION.

Ronald SHOEMAKER, Appellant,

v.

CONSOLIDATED RAIL
CORPORATION.

Wayne OWENS, Appellant,

v.

CONSOLIDATED RAIL
CORPORATION.

Charles BARBER, Appellant,

v.

CONSOLIDATED RAIL
CORPORATION.

Nos. 89–1901 through 89–1904.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
March 12, 1990.

Decided April 6, 1990.

J. Michael Farrell, Philadelphia, Pa., for appellants William Kraus, Ronald Shoemaker, Wayne Owens, and Charles Barber.

Jonathan F. Altman, Philadelphia, Pa., for appellee.

Before SLOVITER, BECKER, and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

### I.

Four Conrail employees brought actions under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60 (1982), against the Consolidated Rail Corporation (Conrail), their railroad employer, alleging that Conrail's policies and practices in eliminating manpower and increasing their responsibilities required them to work in an environment that was unreasonably stressful and that, as a result, each suffered various illnesses, injuries and disabilities. The district court granted Conrail's motion for summary judgment, holding that plaintiffs did not make a case for intentional infliction of emotional distress because the conduct alleged did not meet the outrageousness test for such torts as enunciated in section 46(1) of the Restatement (Second) of Torts and Comment d thereof, and that plaintiffs' claim for negligent infliction of emotional distress failed to meet the requirements of such a claim. The employees appeal, arguing that the evidence was sufficient to create a jury issue for recovery for the tort of negligent infliction of emotional distress under the FELA.

Conrail filed a motion to dismiss the plaintiffs' consolidated appeals on the ground that the Notice of Appeal was untimely. We turn to that threshold question.

### II.

The district court granted Conrail's motion for summary judgment on August 28, 1989 and the judgment was entered on that date. The docket sheets also reflect that the Memorandum of Decision and Order was mailed to the parties on that date. Counsel for the appellants, J. Michael Farrell, filed an affidavit in response to the motion to dismiss the appeal. Farrell's affidavit states that on September 21, 1987 and on March 24, 1988, when he filed the complaints on behalf of William Kraus and Ronald Shoemaker respectively, his address was 230 S. Broad Street, Philadelphia, PA., and that on June 28, 1988 and July 29, 1988, when he filed the complaints on behalf of Wayne Owens and Charles Barber respectively, his address was 1420–22 Chestnut Street, Philadelphia, PA. On August 28, 1989, when the district court's Memorandum and Order were filed, Farrell's office was in neither of these prior locations but instead was located at 718 Arch Street, Philadelphia, PA., a place to which he had moved in the interim. Farrell attached the envelope showing that the Memorandum Opinion granting summary judgment was sent by the court to 230 S. Broad St., that it was then forwarded by the post office to 1420–22 Chestnut St., and then finally was forwarded to the Arch Street address. Farrell states that he did not receive a copy of it in the mail at his present address until September 7, 1989 at approximately 1:00 p.m.

Farrell contacted the law clerk of district court Judge McGlynn "within moments" thereafter, expressed his interest in filing a motion to reconsider, amend or modify the Order, and "indicated to her [his] concern that it be done timely so as to toll the 30–day period to file notice of appeal." His affidavit continues: "I indicated that I would immediately begin preparing my Motion to Reconsider but that I would be unable to file it today and asked her to bring these facts to the attention of Judge McGlynn and to ask that he instruct me how to proceed in order to insure the timeliness of my motion and the tolling of the appellate period." The law clerk called back and stated that the Judge wanted a motion requesting a 10–day extension of time to be filed "before the end of the day so that [the judge] could execute same to insure the timely filing of my Motion to Reconsider," and she instructed Farrell to

confirm that defense counsel had no opposition to this extension.

Farrell then prepared a letter stating the facts of his change of residence and on the same day, September 7, 1989, the district court signed an order extending plaintiffs' time within which to file a motion for reconsideration for ten days until September 18, 1989 upon consideration of plaintiff's Motion for Extension of Time "and for good cause shown." On September 18, Farrell filed a motion on behalf of plaintiffs to reconsider and/or amend the judgment, which the district court denied on October 3, 1989. Plaintiffs filed their notices of appeal on October 19, 1989, more than thirty days after the entry of summary judgment but within thirty days of the district court's order denying the motion to reconsider.

### III.

■ In its motion to dismiss, Conrail claims that the ten day time period established by Fed.R.Civ.P. 59(e) for filing a motion to alter or amend the judgment is jurisdictional, and that the district court has no power to enlarge it. That is undoubtedly correct. Rule 6(b), which provides that the district court may enlarge the time for acts required under the Rules, explicitly provides that the district court "may not extend the time for taking any action under Rule[ ] ... 59(e)." Fed.R. Civ.P. 6(b). Thus the district court did not have the power to enlarge the time in which the appellants could file their Rule 59(e) motion. *See Browder v. Director, Dep't. of Corrections of Illinois*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978) (District Court "lost jurisdiction ten days after entry of judgment to grant relief under Rule ... 59.") Plaintiffs' Rule 59(e) motion was untimely,[1] and, unless there is some basis for an exception, did not toll the 30–day time period for filing notices of appeal. *See De la Fuente v.*

*Central Electric Coop., Inc.*, 703 F.2d 63, 65 (3d Cir.1983).

Plaintiffs argue that the Supreme Court has created such an exception in the "unique circumstances" exception under which a litigant who relies on an order issued by the district court may, where no objection has been raised by another party, still perfect his or her appellate rights by filing a Rule 59 motion within the period extended by the court's order. They rely on two Supreme Court cases for this proposition—*Thompson v. INS*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (per curiam), and *Wolfsohn v. Hankin*, 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964) (per curiam).

In *Thompson*, the petitioner served notice of his Rules 52 and 59 motion in 12, not 10, days. The district court stated that the motion for a new trial was made "in ample time." 375 U.S. at 385, 84 S.Ct. at 397. The petitioner, after denial of these motions, then filed a notice of appeal that was timely if measured from the denial of the Rule 52 and 59 motions, but not timely if measured from the date of the original judgment. The government argued, as Conrail does here, that the untimely motions should have no effect and that the notice of appeal was filed late. The Court of Appeals dismissed the appeal. The Supreme Court reversed, noting that if properly done, the filing of the motions would have stayed the time period for filing an appeal. It referred to the fact that the petitioner relied on the statement of the district court, and concluded that these "unique circumstances" required treating the notice of appeal as timely. *Id.* at 387, 84 S.Ct. at 398.

In *Wolfsohn*, decided the same year, the Court, on the authority of *Thompson* and *Harris Truck Lines v. Cherry Meat Packers*, 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962) (per curiam) (party could rely on

---

1. We cannot consider Farrell's letter requesting an extension of time, which was forwarded to the district court within the ten-day period, to be the equivalent of a motion for reconsideration because it fails to specify the grounds for such action, as required by Fed.R.Civ.P. 7(b)(1).

*Cf. Butler v. Coral Volkswagen, Inc.*, 804 F.2d 612, 614–15, (11th Cir.1986) (motion for new trial must set forth reasons); *Fine v. Paramount Pictures, Inc.*, 181 F.2d 300 (7th Cir.1950) (same).

district court's finding of "excusable neglect" to extend time for filing notice of appeal), summarily reversed without opinion the judgment of the Court of Appeals dismissing a late appeal when the district court had extended the 10–day period of Rule 59(b). The dissent in *Wolfsohn* objected that "this Court has given trial judges the *de facto* power to grant extensions of time, directly *contra* to the definite requirements of Rules 52(b) and 59 and the command of Rule 6(b)." 376 U.S. at 204, 84 S.Ct. at 699. In the twenty-five years since these cases, no Supreme Court case has followed their precedent.

In contrast to these cases, the Court has taken a restrictive view of the district court's power to extend a litigant's time to perform a jurisdictional act. In *Browder v. Director, Dep't. of Corrections of Illinois*, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978), the state failed to file a notice of appeal within 30 days after the district court entered its order granting a petition for habeas corpus. In holding that the state's appeal was untimely, the Court held that the state's motion to stay the execution and to conduct an evidentiary hearing, which it had filed 28 days after the order, did not constitute a timely Rule 59 motion even though the district court had granted the motion to stay and held a hearing before it denied the state's motion on the merits. The Court noted that the state's motion was untimely under the Rules and therefore could not toll the running of time to appeal under Fed.R.App.P. 4. *Id.* at 267, 98 S.Ct. at 562. The Court explained that the 1946 amendments to the Rules of Civil Procedure abolishing terms of court changed the common law rule under which a court had the power to alter or amend its own judgments during the term of court in which the original judgment was entered. The amended Rules "confined the power of a district court to alter or amend a final order to the time period stated in Rules 52(b) and 59." *Id.* at 271, 98 S.Ct. at 564.

A comparably strict interpretation of the jurisdictional requirements established in the Federal Rules was reiterated in *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam). *But see Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (treating prisoner's notice of appeal as filed when delivered to prison authorities).

The unique circumstances exception, which expands the district court's power to affect the jurisdictional prerequisites, runs counter to the spirit of *Browder* and *Griggs.* Indeed, four members of the Supreme Court have stated that "later cases ... effectively repudiate the [unique circumstance] approach, affirming that the timely filing of a notice of appeal is 'mandatory and jurisdictional.'" *Houston v. Lack*, 108 S.Ct. at 2388 (Scalia, J., dissenting joined by Rehnquist, C.J., O'Connor, J., and Kennedy, J.) (quoting *Griggs*, 459 U.S. at 58, 103 S.Ct. at 402). This issue was not addressed by the majority in *Houston.* However, the Supreme Court had a recent opportunity to disavow the unique circumstances exception in *Osterneck v. Ernst & Whinney*, —— U.S. ——, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989), had it chosen to do so, but instead it affirmed the refusal of the Court of Appeals to excuse petitioners' failure to file an effective notice of appeal stating, "[b]y its terms, *Thompson* applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." *Id.*, 109 S.Ct. at 993.

This court has applied the unique circumstances doctrine only once, and that was in connection with the Criminal rather than the Civil Rules. In *Government of the Virgin Islands v. Gereau*, 603 F.2d 438 (3d Cir.1979) (per curiam), it was unclear whether a Rule 35 motion for reduction of sentence, which is also jurisdictional and cannot be extended by order of a court, had been filed within the requisite 120 days. We stated we would consider the motion to be timely because the district court had explicitly stated that the motions would be considered as if filed by all defendants, and counsel had seasonably responded to the court's request for formal motions. We stated, "[i]t is well-established that failure

to meet filing deadlines may be excused in certain 'unique circumstances' where the failure is in reliance on an affirmative statement by the court." *Id.* at 442.

*Gereau,* however, was before *Browder, Houston,* and *Griggs.* In a more recent decision, *Smith v. Evans,* 853 F.2d 155, 160 (3d Cir.1988), we voiced "some doubt as to whether the 'unique circumstances' exception is still viable." We eschewed deciding that issue, holding that because there was no "express, affirmative statement by the district court" that the motion was timely, *id.,* the unique circumstances exception was inapplicable.

Although the scope of the "unique circumstances" rule remains murky following the Court's more recent emphasis on the mandatory nature of jurisdictional issues and the need for strict compliance with the time limitations imposed by the Rules, we are not free to sound the death knell for a rule enunciated by the Supreme Court and never retracted by it. In *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.,* 460 U.S. 533, 535, 103 S.Ct. 1343, 1344, 75 L.Ed.2d 260 (1983) (per curiam), the Court of Appeals had expressed "doubt" that an earlier decision of Supreme Court "is still good law." In its summary reversal, the Court stated, "[n]eedless to say, only this Court may overrule one of its precedents. Until that occurs, [the case] is the law." *Id.*

Other circuits have accepted the viability of the unique circumstances exception and, in fact, have continued to apply it. *See e.g., Stauber v. Kieser,* 810 F.2d 1 (10th Cir.1987) (per curiam) (unique circumstances exist where district court granted an extension and accepted the Rule 59(e) motion and plaintiffs *"relied to their detriment* upon the district court's statements and action" (emphasis in original)); *Butler v. Coral Volkswagen, Inc.,* 804 F.2d 612 (11th Cir.1986) (district court's erroneous extension of time to amend new trial motion came within unique circumstances exception).

The Seventh Circuit struggled with an issue comparable to that presented here in *Bailey v. Sharp,* 782 F.2d 1366, 1372 (7th Cir.1986) (per curiam). There, the district court extended a party's right to file a new trial motion, notwithstanding its lack of power to do so, and the party filed the motion more than 10 days later but within the extended time. *Id.* at 1367. Just as this court had a unique circumstances precedent in *Gereau,* so also did the Seventh Circuit have a similar precedent in its earlier opinion in *Eady v. Foerder,* 381 F.2d 980 (7th Cir.1967). Nonetheless, the *Bailey* court concluded that the new trial order was untimely and issued a writ of mandamus which reinstated the judgment. It did so because counsel had admitted that he had researched the issue of the trial court's power to extend the time limit and relied on *Eady.* This, according to the Court of Appeals, was enough to take the case out of the unique circumstances exception. Had counsel read *Eady* correctly, "he would have recognized that the district court had no authority to extend the time," *id.* at 1368, and hence "it was not the judge's misstatement but counsel's misreading of the law that led to his failure to file on time." *Id.* In a separate, thoughtful and provocative concurring opinion Judge Easterbrook argued that *Eady* should be overruled as inconsistent with Rules 6 and 59. *Id.* at 1369–74.

Finally, we note that in *Merrell–National Laboratories, Inc. v. Zenith Laboratories, Inc.,* 579 F.2d 786 (3d Cir.1978), this court held that the defendants' reliance on statements of the trial judge's law clerk and actions by the judge himself did not fall within the unique circumstances exception to justify filing an untimely appeal of a preliminary injunction. We held that the unique circumstances exception which may justify deviation from the time limits in the Federal Rules was inapplicable, despite the fact that the district judge heard the late motion. In so holding we looked to the reasonableness of the defendants' expectation in light of the fact that defendants had proceeded to request reargument under a local rule with less restrictive time limits than are contained in the Federal Rule. *See id.* at 791.

This, then, is the dilemma before us. On the one hand lies the unambiguous language of Rule 6(b) and the need for some governing bright line principle with respect to jurisdiction which the Rule reflects. On the other hand, we have Supreme Court precedent, however tenuous its foundations may be at this time, applying a unique circumstances exception. The unique circumstances exception evolved out of concern with the fairness of a dismissal when the district court contributed to the party's failure to take the steps necessary to perfect the appeal. Under these circumstances, we will assume *arguendo* that we have the power to apply a unique circumstances exception in truly exceptional circumstances, but we reiterate that, as we stated in *Smith,* we will follow the Supreme Court's lead and "narrowly construe[ ] and sparingly appl[y] the 'unique circumstances' exception to time requirements." 853 F.2d at 161.

■ Sometimes overlooked is the fact that the power to apply a unique circumstances exception does not impose on us a requirement to do so. On the contrary, this is, at most, an equitable doctrine which enables us to consider all the relevant circumstances in deciding whether to exercise the power that we have. This situation is unlike those governed by Federal Rules that give the authority to determine whether there has been excusable neglect to the district court. *See Harris Truck Lines, Inc.,* 371 U.S. at 217, 83 S.Ct. at 285. Instead, here, it is the courts of appeals that have the authority to determine whether application of the unique circumstances exception is appropriate.

■ In making that determination we should look not only to whether the party or attorney actually relied on the district court's extension rather than on the party's own misreading of the applicable law, *see Bailey,* 782 F.2d at 1368, but also to the reasonableness of the party's conduct in its totality. *Cf.* 4A Wright & Miller, *Federal Practice and Procedure* § 1168, at 506 (1987) (relevant whether the party acted reasonably in relying on the district court's action). In this case Farrell's conduct fails both inquiries.

■ Farrell received the notice of the entry of judgment on Thursday, September 7, 1989. He communicated with the district judge's office that day, apparently on the assumption that that was the last day to file his motion for new trial. That assumption was erroneous. September 7, which was a Thursday, was indeed ten days after August 28, the day of the entry of judgment. However, Farrell was apparently unaware that under Rule 6(a), appellants had ten days, *excluding weekends and legal holidays,* from the day the judgment was entered to file their Rule 59(b) motion. When weekends and Labor Day are excluded, appellants had until Monday, September 11, 1989 to file a timely motion for a new trial. We take judicial notice that Farrell's office is less than a city block away from the courthouse.

Thus, here, as in *Bailey,* reliance on the district court's erroneous assumption of authority to extend the time for filing the Rule 59 motion was not the exclusive cause of the late notice of appeal. In *Bailey,* the court attributed the failure to proceed in accordance with the rules to the lawyer's misreading of the prior case. *See* 782 F.2d at 1368–69. Here Farrell's misreading or unawareness of the time computation principles set forth in Rule 6(a) contributed to his failure to file a timely notice of appeal.[2] The unique circumstances doctrine has never been extended to an attorney's miscalculation of the applicable time limits, and we

---

2. In his affidavit Farrell states:

It would not have been possible to prepare and file on September 7, 1989 my consoldiated [sic] Motion to Reconsider but, by my calculation, I still had time to file the Motion to Reconsider and would have done so. However, the court's urgency in demanding an extension of time to be executed on September 7, 1989 which in the court's opinion was the last day, lulled me into a false sense of security that the filing of my Motion to Reconsider within the extended period would be timely and thus tolled the time within which to file a notice of appeal.

The meaning of the reference to "still had time to file the Motion" is unclear. Presumably, had he recognized that he had time, he would have proceeded to the necessary task.

see no reason to do so here even if the trial judge also shared that incorrect assumption. Had Farrell counted properly there would have been no reason for him to ask the court for instructions "how to proceed." He had not only the remainder of Thursday, September 7 as well as Friday, September 8 to prepare the motion to reconsider but he could have, if necessary, used the weekend as well to prepare the thirteen page brief that constituted the Motion to Reconsider.

Furthermore, looking at the reasonableness of the attorney's actions in their totality, not only did he misread the applicable rule, but he also apparently failed to keep the district court Clerk's office advised of his numerous changes of address. Although Farrell states that all correspondence in the four cases from February of 1989 with the Clerk's office and Judge McGlynn was from his Arch Street address, he never alleges that he took steps to advise the Clerk's office formally of the need to change the address on file to which notices in pending matters should be sent. Had he done so, he would undoubtedly have had more than ample time to prepare his motion for a new trial. Under these circumstances, we conclude that this is not an appropriate case in which to exercise whatever authority we have to accept an untimely appeal under the unique circumstances doctrine.[3]

### IV.

Although we are reluctant to pretermit the appellants' appeal without reaching the merits, for the reasons set forth above we will grant the defendant's motion to dismiss the appeal as untimely filed.

---

**3.** We join with Judge Easterbrook in suggesting that the Standing Committee on Practice and Procedure of the Judicial Conference take a close look at this problem.