In re NEW YORK INTERNATIONAL HOSTEL, INC., Debtor.

MINHLONG ENTERPRISES, INC., Plaintiff,

v.

NEW YORK INTERNATIONAL HOSTEL, INC., and 43rd Street Development Corp., Defendants.

NEW YORK INTERNATIONAL HOSTEL, INC., and Common Ground Community HDFC, Inc., as Successors In Interest, Third–Party Plaintiffs,

v.

TIME PLAZA, INC. (Previously Known as Castle Development), Tran Dinh Truong, Bac Tran, Tho Tran, and Alphonse Hotel Corp., Third–Party Defendants.

No. 95 Civ. 2124 (JES).
Bankruptcy No. 88–B–11286 (TLB).
Adv. No. 91–5065A (TLB).

United States District Court,
S.D. New York.

April 4, 1996.

Mac Truong, New York City, for Appellant Minhlong.

Donovan Leisure Newton & Irvine (Peter A. Lubitz, of counsel), New York City, for Appellee Common Ground.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Appellant Minhlong Enterprises, Inc. ("Minhlong") brings the above-captioned appeal of a Bankruptcy Court Order signed December 1, 1994 (the "Dec. 1, 1994 Order") holding unenforceable a lease held by Minhlong prior to a Bankruptcy Court approved sale. Pursuant to Federal Rule of Bankruptcy Procedure 8002, appellee Common Ground Community HDFC, Inc. ("Common Ground") moves to dismiss the instant appeal as untimely. Pursuant to Federal Rule of Bankruptcy Procedure 8002, Minhlong cross-moves for an order deeming the appeal timely or, in the alternative, granting an extension of time to file a notice of appeal from the Bankruptcy Court order.

## BACKGROUND

By order dated August 7, 1990, the Bankruptcy Court approved the sale and transfer of the Times Square Hotel from the debtor's estate to Common Ground, free and clear of all liens, claims and encumbrances. *See* Dec. 1, 1994 Order at 12–13; Affirmation of Mac Truong Sworn to July 25, 1995 ("Truong Aff.") ¶ 10.

On January 9, 1991, Minhlong filed a claim in the Bankruptcy Court proceeding alleging that prior to the sale approval, Minhlong had entered into a valid lease with the appointed trustee of the debtor's estate (the "Minhlong lease"). *See* December 1, 1994 Order at 2. Minhlong asserted that Common Ground, as the new proprietor of the hotel, was required to honor the lease. *Id.*

In March 1991, Common Ground acquired title to the former Times Square Hotel at a Bankruptcy Court auction conducted pursu-

ant to the August 7, 1990 Bankruptcy Court order. *Id.* at 9, 12. In 1992, Common Ground evicted Minhlong from the property. Truong Aff. ¶ 4.

Thereafter, Minhlong commenced an action for wrongful eviction before the Supreme Court of New York, New York County. *Id.* In the Bankruptcy Court, Minhlong moved to dismiss Common Ground's Adversary Proceeding and remand to the Supreme Court for eviction proceedings. *Id.* Common Ground cross-moved for summary judgment seeking a declaratory judgment that its title to the hotel was unencumbered by the Minhlong lease. *Id.* ¶ 5; December 1, 1994 Order at 3, 4.

On October 4, 1994, Bankruptcy Court Judge Tina L. Brozman issued a decision from the bench holding the Minhlong lease unenforceable and Common Ground's title to the Times Square Hotel unencumbered by the Minhlong lease. *See* Truong Aff. ¶ 6. On December 1, 1994, Judge Brozman signed "Findings of Fact, Conclusions of Law and Order" denying Minhlong's motion to dismiss and to remand and granting Common Ground's cross-motion for summary judgment for the reasons set forth on the record on October 4, 1994. On January 17, 1995, final judgment was entered upon the December 1, 1994 Order.

Prior to the entry of final judgment, Minhlong's attorney of record, Mac Truong, apparently telephoned the Bankruptcy Court chambers on numerous occasions to inquire whether an order deciding the motions had been signed. *Id.* ¶ 19. Truong alleges that on November 21, 1994, he telephoned Judge Brozman's law clerks who informed him that no order had been signed but that Truong would be mailed a copy when it was. *See id.* ¶ 21. On January 5, 1995, and on unspecified dates between January 7 and February 14, 1995, Truong asserts that he telephoned Judge Brozman's chambers and was again told that no order had been signed. *Id.* ¶ 23, 25.

On or about February 14, 1995, Minhlong filed and served a motion to reargue the Bankruptcy Court's decision denying Minhlong's motion to dismiss and to remand and granting Common Ground's cross-motion for

summary judgment.[1] *Id.* ¶ 26. On February 17, 1995, Minhlong received a letter from Common Ground advising that the Bankruptcy Court Order had been signed on December 1, 1994 and judgment had been entered thereon on January 17, 1995. *Id.* ¶ 27. Minhlong asserts that this was the first time he learned that the order had been signed. *Id.* ¶ 28.

On February 17, 1995, Minhlong filed with the Bankruptcy Court and served Common Ground a notice of appeal and a request for extension of time to appeal the December 1, 1994 Order.[2] *Id.* ¶ 32, 33. On February 22, 1995, the Bankruptcy Court denied Minhlong's motion to reargue as untimely filed. *Id.* ¶ 35.

At issue in the instant action is Minhlong's appeal from the December 1, 1994 Order. Common Ground moves to dismiss the instant appeal on the ground that it was untimely filed. Minhlong cross-moves for an order deeming its appeal from the December 1, 1994 Order timely or, in the alternative, for an extension of time to file the notice of appeal.

## DISCUSSION

■ Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 8001 provides that a party may appeal a final judgment of a Bankruptcy Court by filing a notice of appeal within the time allowable under Bankruptcy Rule 8002. Bankruptcy Rule 8002(a) provides that "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed.R.Bankr.P. 8002(a). Bankruptcy Rule 8002(c) provides that a Bankruptcy Court may grant a request for an extension of time to file a notice of appeal of up to twenty additional days, if the request is filed prior to the expiration of time to file a notice of appeal.[3]

■ The ten day time limit under Bankruptcy Rule 8002(a) is jurisdictional in nature. *See Twins Roller Corp. v. Roxy Roller Rink Joint Venture,* 70 B.R. 308, 310 (S.D.N.Y.1987). Therefore, a failure to timely file the notice of appeal deprives the District Court of jurisdiction to review the Bankruptcy Court's order. *See In re R.H. Macy & Co.,* 173 B.R. 301, 302 (S.D.N.Y.1994); *Twins Roller,* 70 B.R. at 310; *In re Hotel Syracuse, Inc.,* 154 B.R. 13, 16 (N.D.N.Y. 1993). On January 17, 1995, judgment was entered on the December 1, 1994 Order. Computing the time in accordance with the Bankruptcy Rules,[4] the last day for Minhlong to file a notice of appeal or request for an extension of time to file an appeal was January 27, 1995.[5] Therefore, Minhlong's notice of appeal, filed February 17, 1995, must be dismissed as untimely.

■ In an effort to avoid dismissal, Minhlong makes numerous arguments that his

---

1. Although it appears that Minhlong filed its motion to reargue on February 16, 1995, Minhlong contends that it was filed on February 14, 1995. For the purposes of the instant motion, the Court will assume Minhlong's motion was filed February 14, 1995.

2. On or about March 24, 1995, the Bankruptcy Court transmitted Minhlong's appeal from the December 1, 1994 Order to this Court.

3. Bankruptcy Rule 8002(c) provides, in pertinent part:

   [t]he bankruptcy judge may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. . . .

   Fed.R.Bankr.P. 8002(c).

4. Bankruptcy Rule 9006(a) provides, in pertinent part:

   "[i]n computing any period of time . . . the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . in which event the period runs until the end of the next day which is not one of the aforementioned days."

   Fed.R.Bankr.P. 9006(a).

5. Minhlong's assertion that the ten day period expired January 28, 1995 is erroneous. The ten day time period includes Saturdays, Sundays and holidays unless any of the above is the last day of the period. *See* Fed.R.Bankr.P. 9006(a). Where, as here, no holiday effects the calculation, the ten day rule applies. *See id.*

time to file a notice of appeal was or should have been extended, none of which is persuasive. First, Minhlong asserts that it has established excusable neglect and therefore its notice of appeal was timely filed. A Bankruptcy Court may grant a request for extension of time to file a notice of appeal upon the showing of excusable neglect if the request is made no more than twenty days after the expiration date of the time for filing a notice of appeal. *See* Fed.R.Bankr.P. 8002(c) *supra*, note 3. However, here the twenty day window to file an appeal with a showing of excusable neglect expired on February 16, 1995. Therefore, even if Minhlong had established excusable neglect, the appeal was filed one day late.[6]

Minhlong further contends that the motion to reargue, filed February 14, 1995, falls within the twenty day window applicable to excusable neglect, constitutes a timely filing of notice of appeal or, in the alternative, a timely filing of a motion for an extension of time. However, Minhlong's motion to reargue contains neither a request for a notice of appeal nor an application for an extension of time. The Court is aware of no authority, and Minhlong cites none, that would allow it to construe such a motion to reargue as a notice of appeal.[7]

Nor does the denial of an untimely motion to reargue extend the time to file a notice of appeal. Bankruptcy Rule 8002(b) provides that a party making a *timely* motion to alter or amend the judgment must do so within the time limit set out in Bankruptcy Rule 9023. Bankruptcy Rule 9023 incorporates by reference Federal Rule of Civil Procedure 59, which provides that a timely motion must be served within ten days after the entry of judgment on the order disposing of the last outstanding motion, here January 17, 1995. Thus, the deadline for Minhlong to file a timely motion to reargue was January 27, 1995.[8] Because Minhlong's motion filed February 14, 1995 was untimely, it had no effect on the time to file a notice of appeal. Indeed, to adopt Minhlong's argument that the time to file a notice of appeal begins to run upon the denial of an untimely motion to reargue would frustrate the policy of expedited bankruptcy appeals by extending the time to file a notice of appeal for an indefinite period, a result wholly inconsistent with the language of the statute requiring the expeditious filing of a notice of appeal.

## CONCLUSION

For the reasons set forth above, Minhlong's appeal from the Bankruptcy Court Order shall be and hereby is dismissed as untimely. The Clerk of Court is directed to enter judgment accordingly and close the above-captioned action.

It is **SO ORDERED.**

---

6. Common Ground asserts that Minhlong filed the notice of appeal with the clerk of the district court on March 29, 1995. On closer inspection of the documents, it appears that Minhlong filed the notice of appeal with the Bankruptcy Court on February 17, 1995. Thereafter the documents were forwarded to the District Court on March 29, 1995. Pursuant to Bankruptcy Rule 8001(a), a notice of appeal must be filed with the bankruptcy court clerk. However, where, as here, a notice of appeal is mistakenly filed with the district court, Bankruptcy Rule 8002(a) directs that it be deemed filed with the bankruptcy court on the date filed with the district court.

7. In any event, Minhlong's assertion that the misinformation provided by Judge Brozman's clerks constitutes excusable neglect is unavailing. It is well-established that clerks' errors do not toll the time to appeal. *See* Fed.R.Bankr.P. 9022; *Twins Roller Corp. v. Roxy Roller Rink*

*Joint Venture*, 70 B.R. 308, 311 (S.D.N.Y.1987); *In Re Hotel Syracuse, Inc.*, 154 B.R. 13, 20 (N.D.N.Y.1993). It follows that a clerk's erroneous information as to whether an order was signed does not constitute excusable neglect, especially given an attorney's obligation to refer directly to the original file and docket sheet, which correctly reflect the entry date of judgment.

8. Bankruptcy Rule 8002(b) provides that, if a party makes a timely motion pursuant to Bankruptcy Rule 9023 to alter or amend the judgment, the time to file a notice of appeal begins to run from the date of the order disposing the Bankruptcy Rule 9023 motion. *See In re Earl's Tire Service, Inc.*, 6 B.R. 1019, 1021 n. 7 (D.C.Del.1980). Therefore had Minhlong filed a timely motion to reargue, the ten day period for filing a notice of appeal would have commenced when the motion to reargue was decided.