**MEDFORD INDUSTRIES, Appellant,**

v.

**LENNAR PARTNERS INC., Appellee.**

No. 96–CV–382 (JRB).

United States District Court,
E.D. New York.

July 8, 1996.

Richard J. McCord, East Norwich, NY, for appellant.

Lennar Partners Inc., Robinson, Silverman, Pearce, Aronsohn & Berman, New York City, for appellee.

*MEMORANDUM AND ORDER*

BARTELS, District Judge.

Appellant-debtor Medford Industries appeals from the order of the Bankruptcy Court for the Eastern District of New York (Bankruptcy Case No. 95–11604) (Duberstein, C.J.) dated December 6, 1995 lifting the automatic stay to permit foreclosure, directing the debtor to comply with cash collat-

24

eral order, and directing the debtor to file a plan and disclosure statement.

The December 6 order was entered on December 7, 1995, and the notice of appeal was filed on December 21, 1995. To date, Medford Industries has designated neither a record on appeal nor issues to be presented. Further, it has failed to file a brief in this appeal.

## DISCUSSION

 Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 8001(a) requires that the notice of appeal from a final bankruptcy order to the district court must be filed within the time allowed by Bankruptcy Rule 8002. Bankruptcy Rule 8002(a) mandates filing the notice of appeal "within 10 days of the date of the entry of the judgment, order, or decree appealed from." Failure to file the notice of appeal within the ten day period is strictly enforced, and the deadline is jurisdictional in nature. *In re Hotel Syracuse, Inc.*, 154 B.R. 13, 15–16 (N.D.N.Y. 1993); *In re Nucorp Energy, Inc.*, 812 F.2d 582, 583–84 (9th Cir.1987); *In re Souza*, 795 F.2d 855, 857 (9th Cir.1986); *In re Universal Minerals, Inc.*, 755 F.2d 309, 311–12 (3d Cir.1985); *In re Emergency Beacon Corp.*, 666 F.2d 754, 758 (2d Cir.1981); *In re New York Int'l Hostel, Inc.*, 194 B.R. 313, 316 (S.D.N.Y.1996); *Twins Roller Corp. v. Roxy Roller Rink Joint Venture*, 70 B.R. 308, 310 (S.D.N.Y.1987) (citing cases therein); *In re Satellite Systems Corp.*, 73 B.R. 610, 611 (S.D.N.Y.1987) (citing cases therein).

As the December 6 order was entered on December 7, the ten day period for filing the notice of appeal would have expired on December 17. December 17, however, was a Sunday, and under the time computation scheme in Bankruptcy Rule 9006(a), Medford would have been permitted to file until December 18. Medford, however, did not file the notice of appeal until December 21, 1995, three days after the deadline. As noted above, this failure deprives the Court of jurisdiction, and the case must be dismissed.

 In the absence of the jurisdictional flaw, the Court would have jurisdiction under 28 U.S.C. § 158(a) and would dismiss never-

theless because Medford Industries utterly failed to prosecute the appeal. Medford designated neither the record on appeal nor the issues presented on appeal within 10 days of filing the notice of appeal as required by Bankruptcy Rule 8006. It also failed to file a brief on appeal within 15 days after the entry of the appeal as required by 8009(a)(1). In fact, in over six months since the entry of the December 6 order, appellant has done nothing to pursue this appeal other than file the untimely notice of appeal and pay the filing fee.

 Although defects other than failure to timely file the notice of appeal are not jurisdictional, they are ground "for such action as the district court ... deems appropriate, which may include dismissal of the appeal." Bankruptcy Rule 8001(a). *See In re Tampa Chain Co., Inc.*, 835 F.2d 54, 55 (2d Cir.1987) (per curium); *In re Vega*, No. 93 CV 0083, 1995 WL 254368 at *2 (S.D.N.Y. May 1, 1995) (citing cases therein).

## CONCLUSION

For the reasons stated above, the appeal is hereby DISMISSED.

**SO ORDERED.**