In re **MEMOREX TELEX CORPORATION,**
Debtor.

**Proteon Inc., Appellant,**

v.

**Memorex Telex Corporation, Appellee.**

**No. CIV.A. 99–239–JJF.**

United States District Court,
D. Delaware.

Nov. 26, 1999.

James L. Patton, Jr., Young, Conaway, Stargatt & Taylor, Wilmington, DE, for debtor.

William D. Sullivan, Elzufon & Austin, P.A., Wilmington, Delaware, for Appellant.

S. David Peress, Pauline K. Morgan, and John J. Paschetto, Young, Conaway, Stargatt & Taylor, LLP, Wilmington, Delaware, for Appellee.

Patricia A. Staiano, U.S. Trustee, Philadelphia, PA, pro se.

## OPINION

FARNAN, Chief Judge.

Presently before the Court is a Motion To Dismiss Appeal (D.I.9) filed by the Debtor/Appellee, Memorex Telex Corporation (the "Debtor"). For the reasons set forth below, the Debtor's Motion To Dismiss Appeal will be granted.

## BACKGROUND

On October 15, 1996, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On May 9, 1997, the Debtor commenced an adversary proceeding against the Appellant in this action, Proteon, Inc. ("Proteon"), seeking the recovery of an allegedly unauthorized post-petition transfer in the amount of $98,067.39 (the "Transfer"), pursuant to Section 549(a) of the Bankruptcy Code.

After the close of discovery, on September 9, 1998, the Debtor moved for summary judgment on the grounds that the Transfer was avoidable because it met all of the elements of Section 549(a) of the Bankruptcy Code. On September 29, 1998, Proteon filed a cross-motion for summary judgment. On October 16, 1998, the Bankruptcy Court denied Proteon's motion for summary judgment and granted the Debtor's motion for summary judgment. On October 30, 1998, Proteon moved for rear-

gument of the October 16, 1998 Opinion and Order. By Order dated November 12, 1998 (the "November Order"), the Bankruptcy Court dismissed Proteon's motion for reargument as untimely.

On November 23, 1998, Proteon filed the instant appeal. In its Notice of Appeal and its Statement of Issues, Proteon indicated that it sought review of both the October Order granting summary judgment in favor of the Debtor, and the November Order dismissing Proteon's motion for reargument as untimely. The record on appeal was transmitted to this Court on April 13, 1999.

On May 3, 1999, Proteon filed its Opening Brief. In its Opening Brief, Proteon addresses only the Bankruptcy Court's October Order and makes no mention of the November Order.

In response to Proteon's Opening Brief, the Debtor filed a Motion To Dismiss Appeal, which included a request for sanctions against Proteon, and a motion to suspend the briefing on the appeal. Proteon did not oppose the Debtor's motion to suspend the briefing pending resolution of the Debtor's Motion To Dismiss Appeal, and the Court granted the motion to suspend the briefing.

On May 20, 1999, Proteon filed a motion for enlargement of time to respond to the Motion To Dismiss Appeal, due to a potential conflict posed by the Debtor's request for sanctions in the Motion To Dismiss Appeal. In a response dated June 2, 1999, the Debtor formally withdrew its request for sanctions. Thereafter, Proteon filed its Response To Appellee's Motion To Dismiss Appeal (D.I.17).

## DISCUSSION

By its Motion To Dismiss Appeal, the Debtor raises two issues. First, the Debtor contends that the Court lacks jurisdiction to hear Proteon's appeal of the Bankruptcy Court's October Order, because Proteon's appeal was not timely. Specifically, the Debtor contends that because

Proteon's motion for reargument was not timely filed, the motion did not suspend the time for appeal of the October Order. Second, the Debtor contends that Proteon's appeal of the Bankruptcy Court's November Order should be dismissed for lack of prosecution.

In response to the Debtor's Motion To Dismiss Appeal, Proteon admits that its motion for reargument was untimely filed under Bankruptcy Rule 9006(a), because the motion for reargument was filed ten business days, not ten calendar days, from the Bankruptcy Court's October 16, 1998 Order granting summary judgment in favor of the Debtor. However, Proteon requests the Court to consider the merits of Proteon's appeal under the "unique circumstances" exception first recognized in *Thompson v. Immigration & Naturalization Service*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964).

### I. Proteon's Appeal of the Bankruptcy Court's October Order

Pursuant to Federal Rules of Bankruptcy Procedure 8001 and 8002, a party may appeal a final judgment of the Bankruptcy Court by filing a notice of appeal "within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. 8001, 8002(a). This time frame may be extended for no more than twenty additional days, if the request is filed prior to the expiration of time to file a notice of appeal. Fed. R. Bankr. 8002(c).

██ It is well-established that the time limit for filing an appeal from an order of the Bankruptcy Court is jurisdictional in nature. *See e.g. In re Universal Minerals Inc.*, 755 F.2d 309, 312 (3d Cir.1985); *In re New York International Hostel, Inc.*, 194 B.R. 313, 315 (S.D.N.Y.1996). Thus, a district court lacks jurisdiction to review an order of a bankruptcy court if the notice of appeal is untimely.

In this case, the Bankruptcy Court's October Order was entered on October 16,

1998. Accordingly, the initial 10 day period for filing a notice of appeal expired on October 26, 1998, and the 20 day extension period expired on November 16, 1998. However, Proteon filed its Notice of Appeal on November 23, 1998, seven days after the final extension period permitted by Bankruptcy Rule 8002(c).

In the interim period between the Bankruptcy Court's October 16, 1998 Order and the final extension period on November 23, 1998, Proteon filed a motion for reargument. A timely motion for reargument or motion to alter or amend judgment will toll the time for an appeal. Bankruptcy Rule 8002(b)(2) provides: "[I]f a timely motion is filed by any party ... under Rule 9023 to alter or amend the judgment ... the time for appeal for all parties shall run from the entry of the order disposing of the last such motion outstanding." Fed. R. Bankr.R. 8002(b)(2) Conversely, an untimely filed motion for reargument or motion to alter or amend judgment will not toll the time for an appeal. *See In re New York International Hostel,* 194 B.R. at 317.

Proteon acknowledges that its motion for reargument was untimely, and therefore, the motion could not toll the time for its appeal. However, Proteon urges the Court to consider the merits of Proteon's appeal under the "unique circumstances" exception. Specifically, Proteon's counsel contends that he did not ignore the deadlines for procedurally responding to the Bankruptcy Court's October 16, 1998 Order, but was misguided by a computation of time previously recognized by this Court in *Dunlop Tire and Rubber Corp. v. Earl's Tire Service, Inc.,* 6 B.R. 1019 (D.Del.1980), a case involving the same procedural steps as in this case.

In *Earl's Tire Service, Inc.,* the appellant filed a motion for reargument eleven days after the Bankruptcy Court's order was issued. Applying Rule 6(a) of the Federal Rules of Civil Procedure, the court concluded that the motion was timely filed, because it was filed within ten days of the order, excluding a holiday. Based on this case, Proteon's counsel contends that he relied on Rule 6(a), which excludes Saturdays and Sundays for any period less than eleven days, and therefore, filed his motion within 10 business days, rather than 10 calendar days, from the date of the Bankruptcy Court's October Order. Proteon's counsel further contends that his reliance on Rule 6(a) was justified because the Bankruptcy Rules do not expressly provide for a motion for reargument. Motions for reargument are governed by Local Rule 7.1.5, which is made applicable to Bankruptcy proceedings by Local Rule of the United States Bankruptcy Court Order # 9D, dated January 3, 1995. Because the calculation of time provided for in Rule 6(a) applies to "the local rules of any district court," Proteon's counsel contends that his reliance on Rule 6(a) in computing the time in which to file his motion for reargument was understandable and excusable as a "unique circumstance."

Unlike Federal Rule of Civil Procedure 6(a) which excludes Saturdays, Sundays and legal holidays for any time period of 10 days or less, Bankruptcy Rule 9006(a) excludes Saturday, Sundays and legal holidays when the time period is less than 8 days. In 1991, Bankruptcy Rule 9006(a) was amended to make clear that the Rule applied, not only to time computations under the Bankruptcy Rules, but also to "the Federal Rules of Civil Procedure made applicable by these rules" and "the local rules." 10 Lawrence P. King, *Collier on Bankruptcy* § 9006.02[2]; Fed. R. Bankr. 9006(a). Accordingly, the case relied upon by Proteon, *Earl's Tire Service,* was statutorily overturned when Bankruptcy Rule 9006 was amended.

Proteon's counsel contends that no Shepard's Citation indicates that *Earl's Tire Service* was overturned or altered, and therefore, his reliance on this Court's decision in *Earl's Tire* constitutes a unique circumstance. The Court is sympathetic to Proteon's position; however, the Court

cannot conclude that unique circumstances exist to permit this Court to consider the merits of Proteon's appeal.

■ The application of the doctrine of unique circumstances set forth in *Thompson v. Immigration & Naturalization Service* was severely curtailed in a subsequent United States Supreme Court case, *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989). In *Osterneck*, the Supreme Court held that "[b]y its terms, Thompson applies *only* where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal *and has received specific assurance by a judicial officer that this act has been properly done.*" *Id.* at 178–179, 109 S.Ct. 987 (emphasis added).

Further, the Court of Appeals for the Third Circuit has taken a restrictive approach to the unique circumstances doctrine. For example, in *Merrell–National Laboratories, Inc. v. Zenith Laboratories, Inc.*, 579 F.2d 786 (3d Cir.1978), the court held that the defendants' reliance on statements by the trial judge, through communications with his law clerk, and the judge's own actions in hearing the late motion did not amount to unique circumstances to justify filing an untimely appeal.

Although *Merrell–National* was decided some time ago, the Third Circuit's approach to this doctrine has not changed. In *Kraus v. Consolidated Rail Corp.*, 899 F.2d 1360 (3d Cir.1990), the Third Circuit examined whether the unique circumstances doctrine applied in the context of a party's untimely motion to alter or amend a judgment pursuant to Fed.R.Civ.P. 59(e).[1] Noting that the Supreme Court has "taken a restrictive view of the district court's power to extend a litigant's time to perform a jurisdiction act" since *Thomp-*

*son,* the Third Circuit questioned both the scope and viability of the unique circumstances doctrine, but noted that only the Supreme Court may overrule one of its precedents. Accordingly, the Third Circuit stated, "[W]e will assume arguendo that we have the power to apply a unique circumstances exception in truly exception circumstances, but we reiterate that ... we will follow the Supreme Court's lead and 'narrowly construe[ ] and sparingly appl[y] the 'unique circumstances' exception to time requirements.'" *Kraus*, 899 F.2d at 1365. Consistent with this approach, the *Kraus* court concluded that unique circumstances did not exist where an attorney filed an untimely motion to alter or amend in reliance on a trial judge's order granting him an extension of time in which to file the motion, because the trial judge did not have the power to alter the time limits set forth in Federal Rule of Civil Procedure 59(e). Thus, even though the attorney relied on an order of the trial court granting him an extension, the Third Circuit declined to apply the unique circumstances doctrine.

■ In addition to its admonition concerning the narrow application of the unique circumstances doctrine, the Third Circuit has also recognized "factors" which should be considered in applying the doctrine. In *Kraus*, the Third Circuit stated that it is appropriate to consider not only whether the party or attorney actually relied on a statement by the district court, as opposed to the party's own misreading of the applicable law, but also the reasonableness of the party's conduct in its totality. *Id.* at 1365. Where a party misreads or is unaware of time computations, the unique circumstances doctrine is inapplicable. *Id.* ("The unique circumstances doctrine has never been extended to an attorney's miscalculation of the applicable time limits,

---

1. It should be noted that Fed.R.Civ.P. 59(e) is the counterpart to Bankruptcy Rule 9023, which permits motions to alter or amend judgment. It should be further noted that the Third Circuit has repeatedly recognized that a motion for reargument is the functional

equivalent of a motion to alter or amend. *See e.g. New Castle County v. Hartford Accident & Indemnity Co.,* 933 F.2d 1162, 1177 (3d Cir. 1991). Accordingly, the Court finds the *Kraus* decision to be particularly instructive regarding the instant appeal.

and we see no reason to do so here even if the trial judge also shared that incorrect assumption.")

In this case, the Court concludes that Proteon's failure to timely file the motion for reargument, which was necessary to toll the time for appeal of the October Order, was a result of counsel's misreading and lack of awareness concerning the Bankruptcy Rules. While the Court understands Proteon's position given the *Earl's Tire* decision, the Court notes that Bankruptcy Rule 9006 expressly states that it is applicable to time frames set by the local rules. Thus, a correct reading of Rule 9006 should have caused Proteon's counsel to question the viability of the *Earl's Tire* decision. Moreover, given the Third Circuit's stringent approach to the unique circumstances doctrine, the Court cannot conclude that Proteon's reliance on the *Earl's Tire* case constitutes a unique circumstance.

Further, as to the reasonableness of counsel's conduct in its totality, the Court notes that Proteon's counsel has made several procedural errors in this case. First, Proteon's counsel failed to timely file its Opening Brief. Pursuant to Bankruptcy Rule 8009, Proteon had 15 days from the date the appeal was docketed by the District Court to file its Opening Brief. The appeal was docketed on April 13, 1999, and notice was mailed to counsel. Proteon contends that although it would seem that his brief was due April 28, 1999, it was not because Rule 9006(f) provides an additional three days to a party required to perform an action after receiving notice by mail. Proteon's counsel misreads Rule 9006(f), which only applies to time periods "after service of a notice or other paper ... served by mail." The extension af-

forded by Rule 9006(f) does not apply to time periods to be computed after docketing, and therefore Proteon's Opening Brief was not timely filed. *See e.g. In re B.J. McAdams, Inc.,* 999 F.2d 1221, 1225 (8th Cir.1993) (declining to apply 3 day mail extension to time frame for filing notice of appeal, because such time frame runs from entry of judgment, not from service of notice of judgment), *cert. denied, Constellation Development Corp. v. Dowden,* 518 U.S. 1017, 116 S.Ct. 2546, 135 L.Ed.2d 1067 (1996); *In re Arbuckle,* 988 F.2d 29, 31 (5th Cir.1993). In addition, counsel's opening brief fails to contain a statement of the Court's basis for appellate jurisdiction in violation of Bankruptcy Rule 8010(a)(1)(B). Accordingly, the Court concludes that the totality of counsel's conduct does not weigh in favor of the application of the unique circumstances doctrine. *See Kraus,* 899 F.2d at 1366 (noting counsel's failure to keep the district court clerk's office advised of numerous address changes in considering the totality of counsel's conduct).

Because the unique circumstances doctrine does not apply to Proteon, and because Proteon's untimely motion for reargument could not toll the time period in which Proteon was required to file its appeal, the Court concludes that it lacks jurisdiction to consider Proteon's appeal on the merits. While the Court recognizes that this is a harsh result, the Court believes that it is compelled by the manner in which the Third Circuit has applied the unique circumstances doctrine and supported by the weight of authority concerning the jurisdictional nature of the time frames set forth in Bankruptcy Rule 8002.[2] Accordingly, the Debtors' Motion To Dismiss Appeal will be granted.

---

**2.** *See e.g. In re Mouradick,* 13 F.3d 326, 328 (9th Cir.1994) (dismissing appeal where appellant filed a timely motion for extension of time and bankruptcy court granted motion but did so after 30 day time frame under Rule 8002 expired, declining to apply unique circumstances doctrine, and holding that "[t]he bankruptcy court's delay in ruling on [appel-

lant's] timely motion does not prompt a different result"); *Pelullo v. Sunbank/Miami, N.A.,* 1997 WL 260207 (E.D.Pa.1997) (dismissing appeal filed one day late); *In re New York International Hostel,* 194 B.R. at 316 (rejecting argument that erroneous information received from judge's law clerk constituted excusable neglect for untimely notice of appeal).

## II. Proteon's Appeal of the Bankruptcy Court's November Order

As to Proteon's appeal of the Bankruptcy Court's November Order dismissing as untimely Proteon's motion for reargument, Proteon admits that its motion for reargument was untimely. Thus, by Proteon's own admission, any appeal of the Bankruptcy Court's November Order would be frivolous. Further, it appears that although Proteon raised the November Order in its Notice of Appeal, Proteon did not intend to appeal the Bankruptcy Court's dismissal of its motion for reargument. Rather, based on Proteon's Response To Appellee's Motion To Dismiss, it appears that Proteon only intended to appeal the motion for reargument insofar as it reiterates the merits of Proteon's underlying appeal concerning the October 16 Order. (D.I. 17 at 9). Accordingly, the Court will dismiss Proteon's appeal of the November Order as patently frivolous.

## CONCLUSION

For the reasons discussed, the Debtor's Motion To Dismiss Appeal will be granted.