**In the Matter of Willie J. HILLIARD and Joyce L. Hilliard, Debtors.**

**No. 83 Civ. 0839 (SWK).**

United States District Court,
S.D. New York.

Jan. 4, 1984.

---

OPINION AND ORDER

KRAM, District Judge.

This case comes before the Court on the application of S. Simpson Gray, Esquire,

and the Law Clinics of S. Simpson Gray, P.C., for an order granting the applicants leave to file a notice of appeal from an order of Bankruptcy Judge Howard Schwartzberg. Judge Schwartzberg's order, the substance of which is not relevant here, was signed and entered on September 7, 1983. Appellant allegedly attempted to file a notice of appeal from Judge Schwartzberg's order on September 20, 1983. This alleged attempted filing was untimely, coming thirteen days after the entry of the order appealed from; however, this was only one day after the ten day period set by Bankruptcy Rule 8002(a) had expired, since that period actually ended on a Saturday. Appellant then appealed to Judge Schwartzberg for an extension pursuant to Bankruptcy Rule 8002(c). Judge Schwartzberg denied this appeal by Order dated November 15, 1983. On November 23, 1983, appellant filed a notice of appeal from Judge Schwartzberg's denial of the motion to file an untimely notice of appeal. The instant application is the product of that notice of appeal.

■ Emergency Bankruptcy Rule I (the Emergency Rule), adopted by the Board of Judges for the United States District Court for the Southern District of New York on December 21, 1982, provides that "a district judge shall review an order or judgment entered [by a bankruptcy judge] if a timely objection has been filed." Emergency Rule (c)(5)(A)(i). *See also In re Kaiser,* 722 F.2d 1574 (2d Cir.1983) (upholding constitutionality of Emergency Rule). A timely objection is one filed within 10 days of entry of the order or judgment objected to. Emergency Rule (c)(4). An objection within the meaning of the Emergency Rule appears to correspond to an appeal as of right within the meaning of Bankruptcy Rules 8001 *et seq.* Therefore, a timely objection for purposes of the Emergency Rule would be made if a timely notice of appeal for purposes of Bankruptcy Rules 8001 and 8002 were filed with the Clerk of the Bankruptcy Court. In the instant case, appellant seeks review of the Bankruptcy Judge's decision denying him leave to file a late notice of appeal. That

decision was rendered and entered on November 16, 1983. Appellant filed his notice of appeal with the Clerk of the Bankruptcy Court on November 23, 1983, or seven days after entry of the judgment. This appeal is therefore timely.

■ There is no clear standard of review of a decision of a Bankruptcy Judge. The Emergency Rule states that "[i]n conducting review, the district judge . . . need give no deference to the findings of the bankruptcy judge." Emergency Rule (c)(5)(B). This language does not mandate a standard of review; rather, it clearly leaves the weight to be accorded the findings of the bankruptcy judge within the discretion of the district court. The possible standards range from *de novo* review, according virtually no authority to the findings of the bankruptcy judge, to a clearly erroneous standard, which accords great deference to those findings. In the context of the instant case, this Court finds it unnecessary to choose between these possibilities, because the result will be the same in any circumstances.

Appellant here is an attorney admitted to practice in the State of New York and before this Court. He is therefore chargeable with knowledge and understanding of the procedural rules of those courts in which he appears, especially when he chooses to appear in his own behalf. In this case, appellant seeks leave to file an untimely notice of appeal from an order of Bankruptcy Judge Schwartzberg. Appellant was first notified that this order was forthcoming on August 11, 1983, when Judge Schwartzberg rendered an opinion, 32 B.R. 267, granting certain motions made by the United States Trustee following complaints by the debtors about appellant's representation of them in their Chapter 13 bankruptcy proceeding. In his opinion, Judge Schwartzberg directed the Trustee to submit a proposed order on notice to appellant. Notice was given on August 30, 1983, that the proposed order would be presented for Judge Schwartzberg's signature on Septem-

ber 6, 1983. Appellant admits that he received this notice.

■ Appellant claims, however, that he was not given appropriate notice of the actual entry of Judge Schwartzberg's order on September 7, 1983. Bankruptcy Rule 9022(a) requires the Clerk of the Bankruptcy Court to "serve a notice of entry [of an order or judgment] by mail ... on the contesting parties ...." The Trustee received a copy of the signed order. *See Answer in Opposition to Order Granting Leave to File Notice of Appeal,* ("Answer in Opposition") ¶ 8(e). How it is that appellant did not receive a copy of the order is unclear. In any event, appellant knew that the order would be signed and, furthermore, discovered that the order had in fact been signed. While appellant fails to indicate when he actually became aware of the signing, he concedes that he knew prior to the expiration of the ten-day period for filing a notice of appeal. *See Affirmation in Support of Order to Show Cause,* ("Affirmation in Support") ¶ 5. Appellant then failed to take timely action, for reasons which he fails to state. Appellant did attempt to make an untimely filing of a notice of appeal on a date which is not certain. This untimely attempt was rebuffed by the Clerk of the Bankruptcy Court. *Affirmation in Support,* ¶ 5. Appellant then sought leave from Judge Schwartzberg to file a late notice of appeal. Because this motion to file the late notice of appeal was filed after the ten-day period for filing notice of appeal expired, it was only grantable if appellant demonstrated excusable neglect to Judge Schwartzberg's satisfaction. As noted above, Judge Schwartzberg denied this motion by Order on November 16, 1983. That denial appears to have been a determination that whatever measure of neglect was demonstrated by appellant's failure to file timely was not excusable in Judge Schwartzberg's opinion, or at least not excusable enough to invoke the discretionary powers appellant sought to invoke. Bankruptcy Rule 8002(c).

■ After an independent review of the circumstances surrounding appellant's failure, this Court finds that appellant's failure to timely file a notice of appeal was neither the result of excusable neglect on his part nor caused by any failure of the Clerk of the Bankruptcy Court. Whether neglect is excusable within the meaning of the Bankruptcy Rules, as well as the other procedural rules applicable to the Federal Court, is a matter of judicial discretion. *Manhattan-Ward, Inc. v. Grinnell Corporation,* 490 F.2d 1183 (2d Cir.1974). The burden of demonstrating excusable neglect to the Court's satisfaction rests on the party seeking the extension. *Yanofsky v. Wernick,* 362 F.Supp. 1005 (S.D.N.Y.1973). Appellant was aware of the impending issuance of the September 7, 1983 Order. He was aware of the time-frame in which that Order could be expected. He knew precisely what it would say and could precisely frame the basis for an appeal. Finally, appellant knew that the order had been entered, either because he discovered that fact for himself or because he received a copy of the order. He also knew that he had ten days in which to file his notice of appeal, and had in fact indicated during oral argument on the substantive motions that he intended to appeal any adverse outcome. *Answer in Opposition* ¶ 8(c). Given these facts, it is this Court's opinion that any neglect on appellant's part was not excusable.

■ Appellant's only other excuse for his failure to file timely rests on his contention that "No copy of the order signed by Judge Schwartzberg was ever received by my office." *Affirmation in Support* ¶ 4. Bankruptcy Rule 9022(a) appears to require the Clerk of the Bankruptcy Court to mail notice of any order entered by a bankruptcy judge. Notwithstanding the language of Rule 9022(a), failure to mail such a notice has no effect on the running of time to file the notice of appeal. *In re Pacific Sales Company,* 13 B.R. 634 (Bkrtcy.D.P.R.1981). This conclusion is further supported by reference to the rules from which Rule 9022 was drawn. The Advisory Committee Note to Rule 9022 states that "Subdivision (a) of this rule is an adaptation of Rule 77(d)

F.R.Civ.P." Rule 77(d) of the Federal Rules of Civil Procedure states the same proposition as does Bankruptcy Rule 9022(a). The note of the Advisory Committee on Rule 77(d) states in relevant part that

Rule 77(d) as amended makes it clear that notification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of the judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants. And lack of such notification in itself has no effect upon the time for appeal....

This rationale applies with equal force to Bankruptcy Rule 9022(a). Consequently, appellant's neglect, which was not otherwise excusable, is unchanged by the failure of the Clerk of the Bankruptcy Court to mail notice of entry of Judge Schwartzberg's Order. Finally, we find that Judge Schwartzberg's action in denying appellant's motion for leave to file a late notice of appeal was justified by the circumstances of this case and was clearly not an abuse of discretion. Therefore, for the reasons stated above, it is hereby

ORDERED that the appellant's application for leave to file an untimely appeal from Bankruptcy Judge Howard Schwartzberg's Order dated September 7, 1983, is DENIED, and it is further

ORDERED that appellant S. Simpson Gray and the Law Clinics of S. Simpson Gray, P.C., fully and completely comply with the aforementioned order of the Bankruptcy Court within ten (10) days of the date of this order.

SO ORDERED.