**In re B.K. CRUEY, Debtor.**

**Essie S. ROZICH, Plaintiff,**

v.

**B.K. CRUEY, Defendant.**

**Bankruptcy No. 7–90–01822.
Adv. No. 7–91–00251.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

July 9, 1993.

---

Diana M. Perkinson, Roanoke, VA, for plaintiff.

B.K. Cruey, pro se.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

At Roanoke in said District this 9th day of July, 1933:

The motion of B.K. Cruey (herein Cruey) for an extension of time to file a notice of appeal of this Court's Order of August 5, 1992, pursuant to Bankruptcy Rule 8002(c) was remanded to this Court from the United States Court for the Western District of Virginia.[1] The Court has reviewed the pleadings and exhibits filed with the motion, and has heard the parties in oral argument on the issues raised. For the reasons stated in this Decision and Order, Cruey's motion for an extension of time to file a notice of appeal is denied.

**1.** *See* the Order and Memorandum Opinion, dated February 22, 1993, of the Honorable Samuel G. Wilson, United States District Court Judge for the Western District of Virginia.

**2.** Complaint Exhibit B.

**3.** Cruey is an attorney licensed to practice in Virginia who appears with some regularity in bankruptcy court. Although he was represented by counsel in his Chapter 7, Mr. Creasy, he appeared *pro se* for the complaint.

**4.** *See* cover letter to the Honorable Ross W. Krumm from Ms. Diana M. Perkinson, counsel

*Facts*

The Order of this Court dated August 5, 1992, arose out of Essie S. Rozich's (herein Rozich) complaint to deny discharge pursuant to 11 U.S.C. § 523(a)(5) filed on October 11, 1991, against B.K. Cruey (herein Cruey). After a trial, the Court found in favor of Rozich and determined that Cruey's debt for the payment of seventy (70%) of the cost of the college education of the parties' children, as incorporated in paragraph four (4) of the Post–Nuptial Agreement and Property Settlement dated May 30, 1980,[2] was in the nature of child support and nondischargeable.

The Court directed Rozich's counsel to draft an order incorporating the rulings of the Court. The order was not submitted within the time period required by Local Rule XI and, by Order dated July 8, 1992, a show cause hearing for failure to submit the order was set for August 11, 1992. Subsequently, an order incorporating the Court's ruling of April 22, 1992, was drafted by counsel for Rozich, was endorsed by Cruey,[3] and was forwarded to the Court on July 15, 1992,[4] for entry. Upon receipt, the Court modified the Order to provide that the show cause hearing set for August 11, 1992, be dismissed, dated the Order August 5, 1992, and entered it. The Order was docketed on August 7, 1992. The clerk's certificate of mailing reflects that a copy of the Order was sent to counsel for Cruey, Mr. Creasy, and to Cruey, individually, on the date of docketing.[5]

On August 11, 1992, Cruey appeared in court and inquired about the show cause hearing. The Court advised him that prior to the hearing Rozich's counsel submitted

for the Plaintiff, dated July 15, 1992, a copy of which was sent to Cruey.

**5.** There is a notation on the certificate of mailing of the Order that it was not received by Cruey and that a second copy of the Order was "given" to him on August 26, 1992. The genesis of this notation was an appearance by Cruey at the Clerk's Office where he made a representation that he never received his copy of the Order. The Clerk accepted his representation, gave him a copy of the Order and made the notation on the file copy of the Order.

the Order which the Court entered and that the show cause hearing was dismissed. *See* August 11, 1992 transcript, page 3. Cruey then represented to the Court that he had not received a copy of the August 5, 1992 Order and the Court directed that a copy of the Order be sent to him. *See* August 11, 1992 transcript, page 3. Cruey asserts that his office made numerous phone calls to the Clerk's Office between August 11 and August 26 to inquire about the Order. *See* April 7, 1993 transcript, page 8. He represents that his office was told by the Clerk's Office that no Order was entered. *See* April 7, 1993 transcript, page 4. However, Cruey never examined the case file or the docket entry sheet which are available to the public. *See* April 7, 1993 transcript, pages 9 and 12. Both the docket entry sheet and the case file show the entry of the Order. There was no activity in the file from August 7, 1992, until August 26, 1992, when Cruey filed a motion for extension of time to file an appeal. Even though he was told by the Court on August 11 that the Order was entered, Cruey says he relied solely on what the Clerk's Office told him.

### Issue

The issue before this Court is whether Cruey has sufficiently demonstrated excusable neglect to permit the extension of time for filing the notice of appeal pursuant to Bankruptcy Rule 8002(c).

### Discussion

The Order which Cruey seeks to appeal in this matter was docketed on August 7, 1992. Therefore, under Bankruptcy Rules [6], the time for filing a notice of appeal expired on August 17, 1992. Cruey missed this deadline and now seeks to extend the time period for filing a notice of appeal outside of the ten (10) day period by

demonstrating a showing of "excusable neglect" pursuant to Bankruptcy Rule 8002(c). The Rule provides:

> The bankruptcy judge may extend the time for filing the notice of appeal by any party for a period not to exceed twenty (20) days from the expiration of the time otherwise prescribed by this Rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, **except that a request made no more than twenty (20) days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect** ...

(Emphasis added).

Cruey's August 26, 1992, motion for an extension of time to file a notice of appeal on the grounds of excusable neglect is timely.[7]

The determination of whether neglect is "excusable" is a matter of sound judicial discretion. *See Manhattan–Ward, Inc. v. Grinnell Corp.*, 490 F.2d 1183, 1186 (2nd Cir.1974). Further, the party seeking an extension for that reason has the burden of demonstrating that excusable neglect exists. *See Yonofsky v. Wernick*, 362 F.Supp. 1005, 1012 (S.D.N.Y.1973); *In re International Coating Applicators, Inc.*, 647 F.2d 121, 123–124 (10th Cir.1981). Cruey's main argument for finding excusable neglect is lack of receipt of the Order of August 5, 1992.

The facts and circumstances surrounding Cruey's failure to timely file his appeal are largely uncontroverted. Cruey endorsed the Order incorporating the rulings of this Court from the April 22, 1992 hearing. Subsequent to Cruey's endorsement of the Order, it was forwarded to this Court on July 15, 1992, for entry. The Court entered the Order on August 5, 1992, and it

---

**6.** Bankruptcy Rule 8002(a) provides that "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of judgement, order or decree appealed from." Bankruptcy Rule 9021, when read in conjunction with Bankruptcy Rule 5003, provides that entry of a judgment, order or decree is effective when docketed.

**7.** The twenty day period to file a motion for an extension of time to file a notice of appeal on the grounds of excusable neglect pursuant to Rule 8002(c) did not expire until September 6, 1992.

was docketed in the case file on August 7, 1992.

Bankruptcy Rule 9022(a) states:

Immediately on the entry of a judgment order (by a bankruptcy judge) the clerk shall serve a notice of the entry by mail in the manner provided by Rule 7005 on the contesting parties and on other entities as the court directs ... service of the notice shall be noted in the docket. **Lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002.**

(Emphasis added).

■■■ The deputy clerk's certificate of mailing indicates that Cruey was sent a copy of the Order on August 7, 1992. Bankruptcy Rule 9006(e) provides that service of notice by mail is complete on mailing. Further, there is a rebuttable presumption that an item which is mailed to an accurate address has been received by the addressee. *Hagner v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 418–19, 76 L.Ed. 861 (1932). Cruey concedes that his mailing address is accurate. However, Cruey asserts that he did not receive a copy of the Order and was not put on notice that the Order had been entered. He speculates that perhaps he did not receive a copy of the Order because Mr. Creasy, his former counsel of record, was still receiving documents in this matter. *See* April 7, 1993 transcript, page 4. However, the deputy clerk's certificate of mailing indicates that copies were sent to both Cruey and Mr. Creasy. Mere denial of receipt does not rebut the presumption that the mailed item was received by the addressee. *In re Schepps Food Stores, Inc.*, 152 B.R. 136 (Bankr.S.D.Tx.1993); *In re Morelock*, 151 B.R. 121, 124 (Bankr.N.D.Ohio 1992); *In re Torwico Electronics, Inc.*, 131 B.R. 561, 572 (Bankr.D.N.J.1991); *In re Robintech, Inc.*, 69 B.R. 663, 665 (Bankr.N.D.Tx.1989), reversed on other grounds 863 F.2d 393, *cert. denied*, 493 U.S. 811, 110 S.Ct. 55, 107 L.Ed.2d 24 (1989); and *In re American Properties, Inc.*, 30 B.R. 235, 237 (Bankr. D.Kan.1983). Furthermore, failure of the clerk to give notice pursuant to Rule 9022(a) may not, of itself, constitute excusable neglect and entitle the party to an extension of time. *Twins Roller Corp. v. Roxy Roller Rink Joint Venture*, 70 B.R. 308, 311 (S.D.N.Y.1987); *Ashby Enterprises v. Weitzman, Dym & Assoc.*, 780 F.2d 1043, 1046 (D.C.Cir.1986); and *In re Hilliard*, 36 B.R. 80, 82 (S.D.N.Y.1984).

Notwithstanding Cruey's denial of receipt of the August 5, 1992 Order, he was advised in open court on August 11, 1992 that the Court "believed" that the Order had in fact been entered. *See* August 11, 1992 transcript, page 3. Although this oral notification from the Court came within the 10–day time period to either file a notice of appeal pursuant to Rule 8002(a) or to file a motion for extension of time to file an appeal pursuant to Rule 8002(c), Cruey neglected to do either.

The case at bar is substantially similar to *In re Hilliard, supra*, which arose out of the granting of certain motions made by the United States Trustee following complaints by the debtors about their attorney's representation in a Chapter 13 bankruptcy proceeding. The attorney did not timely file an appeal on his own behalf and sought an extension of time to file the appeal on grounds of excusable neglect pursuant to Rule 8002(c). As in the case at bar, the attorney, appearing *pro se*, claimed to have not received a copy of the signed order. The bankruptcy court denied the Rule 8002(c) motion.

On appeal, the District Court held that the basic responsibility to learn of the entry of a judgment or order lies with the party or his attorney so that the failure of the party or attorney to receive notice of such entry from the court or another party generally will not constitute excusable neglect. *Id.*, at 82; *See also In re St. Cloud Tool & Die Co.*, 533 F.2d 387, 390 (8th Cir.1976).

The court explained that notwithstanding the language of Rule 9022(a), *supra*, which requires the clerk of the bankruptcy court to mail notice of any order entered by a bankruptcy judge "failure to mail such a

notice has no effect on the running of time to file a notice of appeal." *In re Hilliard*, at 82, *citing In re Pacific Sales Co.*, 13 B.R. 634, 635 (Bankr.D.P.R.1981).

The *Hilliard* court stated its conclusion was further supported by Federal Rule of Civil Procedure 77(d) from which Rule 9022 was drawn. The Advisory Committee on Rule 77(d) states in relevant part:

> Rule 77(d) as amended makes it clear that notification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of the judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants. And lack of such notification in itself has no effect upon the time for appeal.

As factual support for its decision, the *Hilliard* court stated that the appellant was an attorney admitted to practice before the court and was "chargeable with knowledge and understanding of the procedural rules of those courts in which he appears, **especially when he chooses to appear in his own behalf.**" *In re Hilliard*, at 81 (emphasis added). The court continued:

> How it is that appellant did not receive a copy of the order is unclear. In any event, appellant knew that the order would be signed and, furthermore, discovered that the order had in fact been signed. While appellant fails to indicate when he actually became aware of the signing, he concedes that he knew prior to the expiration of the 10–day period for filing a notice of appeal.

*Id.*, at 82.

The facts in the case at bar are similar. Cruey is an attorney who regularly practices before this Court and he appears on his own behalf in this instance. The presumption of receipt of the Order has not been rebutted by Cruey's mere denial of receipt. Moreover, Cruey endorsed the Order and in fact had been advised by the Court on

August 11, 1992 that the Order was entered. All of this occurred prior to the expiration of the 10–day period for filing the notice of the appeal or motion to extend time to file an appeal. Despite all of this, Cruey failed to personally inspect the file and obtain a copy of the Order. *See* April 7, 1993 transcript, pages 9 and 12; *See also In re Hilliard*, at 82; and *In re St. Cloud Tool & Die Co.*, at 390.

Finally, nothing prevented Cruey from filing his notice of appeal before the entry of the order.[8] Cruey was aware of what the Order was to provide and could "precisely frame the basis for an appeal." *See In re Hilliard*, at 82.

Since Congress has not defined it, *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, et al.,* — U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) seeks to explain "excusable neglect." Although *Pioneer Investment* was decided in the context of whether the Court would accept a late filing of a claim in a Chapter 11 proceeding pursuant to Bankruptcy Rule 9006(b)(1), the Court's explanation of excusable neglect is not limited to that rule.

The Court first defines neglect:

> The ordinary meaning of "neglect" is "to give little attention or respect" to a matter, or, ... "to leave undone or unattended to esp[ecially] through carelessness." The word therefore encompasses both simple, faultless omissions to act, and, more commonly, omissions caused by carelessness.

*Id.*, at —— – ——, 113 S.Ct. at 1494–95, *quoting Webster's Ninth New Collegiate Dictionary*, 791 (1983).

Then the Court attempts to give form to "excusable":

> Because Congress has provided no other guide post for determining what sorts of neglect will be considered "excusable" we conclude that the determination is at bottom an equitable one, taking account

---

**8.** Bankruptcy Rule 8002(a) provides in relevant part that "[a] notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof."

of all relevant circumstances surrounding the party's omission. These include, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.,* at ——, 113 S.Ct. at 1498, *citing In re Pioneer Investment Services Co.,* 943 F.2d 673, 677 (6th Cir.1991).

Based on the application of *Pioneer Investment* to these facts, this Court finds that Cruey's failure to file a notice of appeal was neglectful. However, under *Pioneer Investment,* the neglect by Cruey does not complete the Court's inquiry. As set forth above, the Court must make an equitable decision on whether the neglect was excusable. The factors listed in *Pioneer* are:

1. Danger of prejudice to debtor. In this case Cruey will have an opportunity to appeal cut off;

2. Length of delay. Cruey was nine (9) days late.

3. Potential impact on judicial proceedings. The delay here will not impact administration of the estate by the trustee. Its impact is a destruction of the finality of judgment orders of this Court and the right of all litigants to rely on certainty and finality.

The Bankruptcy Code is designed to give the debtor a discharge of all dischargeable debt. Cruey had his day in court and his discharge of the Rozich debt was denied. The Court must weigh his opportunity to an appeal against the fact that the reason for delay in this case was clearly within the reasonable control of a seasoned legal practitioner who is very familiar with court procedure. In this Court's judgment, to grant the motion for extension of time to appeal in this case would eviscerate the 10–day rule of Rule 8002(a). *Pioneer* leaves it within the discretion of this Court to balance all the factors. In this case, the balance tips in favor of denial of the motion. *Hilliard* is still good law. Accordingly, it is

ORDERED:

That the Defendant's motion be, and hereby is DENIED.