In re SARATOGA SPRINGS PLASTIC SURGERY, PC, Debtor.

Robin Yarinsky, Appellant,

v.

Saratoga Springs Plastic Surgery, PC, Appellee.

Nos. 1:03–CV–896, 1:03–CV–897, 1:03–CV–996.

United States District Court, N.D. New York.

June 8, 2004.

Nancy E. Bunting, Saratoga Springs, NY, Former Attorney for Appellant.

Wayne P. Smith, Schenectady, NY, for Appellant.

Michael D. Assaf, O'Connell & Aronowitz, P.C., of counsel, Albany, NY, for Appellee.

### MEMORANDUM–DECISION and ORDER

HURD, District Judge.

## I. INTRODUCTION

Robin Yarinsky ("Mrs. Yarinsky"), her attorney Wayne P. Smith, Esq. ("Attorney Smith"), and her former attorney Nancy Bunting, Esq. ("Attorney Bunting") appeal from orders of the United States Bankruptcy Court for the Northern District of New York denying them an extension of time to appeal that court's decision finding that they willfully violated the automatic stay and awarding debtor Saratoga Springs Plastic Surgery, P.C. ("SSPC" or "debtor") compensatory damages, and setting forth the amount of compensatory damages. The consolidated appeals were taken on submission without oral argument.

## II. BACKGROUND

SSPC filed for voluntary Chapter 11 bankruptcy protection on January 28, 2002. SSPC's sole principal is Steven Yarinsky, M.D. ("Dr. Yarinsky"). At the time of the bankruptcy filing an acrimonious matrimonial action in state court had been pending for several years between Dr. Yarinsky and his estranged wife Robin Yarinsky ("Mrs. Yarinsky"), one of the appellants in this matter.

A brief digression into some of the history of the matrimonial action sets the stage for the occurrences in the bankruptcy matter. On September 25, 2000, Honorable Jerry J. Scarano, New York State Supreme Court Justice, issued a finding that Dr. Yarinsky had the ability to pay previously court-ordered child support and spousal maintenance, and was in arrears in the sum of $34,100 to Mrs. Yarinsky, as well as in the sum of $4,500 to Attorney Bunting for court-ordered counsel fees. (Record on Appeal ("R.") at 169–73.) He therefore granted a judgment on their behalf for those sums, with interest. The court further awarded counsel fees to Attorney Bunting and Attorney Smith in the total amount of $12,500. *Id.* On October 16, 2000, Justice Scarano granted an additional judgment on behalf of Mrs. Yarinsky in the sum of $46,100 against Dr. Yarinsky and SSPC. *Id.* at 174–75. On December 22, 2000, Justice Scarano entered an order finding Dr. Yarinsky in contempt for nonpayment of arrears and remitting him to the Saratoga County Jail for ninety days, pending payment of the sum of $68,600 to cure the contempt. *Id.* at 163–68. Dr. Yarinsky cured the contempt with his payment of the $68,600. Another order entered on December 22, 2000, further provided that all money judgments entered in the action were to be filed against Dr. Yarinsky personally and against SSPC.

On December 17, 2002, Justice Scarano dismissed the matrimonial action for failure of both parties to comply with scheduling orders, continued current child support and spousal maintenance, and remanded the matter to Saratoga County Family Court for final determination of those mat-

ters. *Id.* at 29–30. However, he ordered a judgment in the amount of $20,000 in favor of Attorney Bunting (out of which Attorney Smith's fees were to be paid) and against Dr. Yarinsky and SSPC. *Id.* Justice Scarano further granted a judgment in favor or Mrs. Yarinsky for child support and maintenance arrearages against Dr. Yarinsky and SSPC in the amount of $151,691.58.[1] *Id.*

This is where the matrimonial matter and the bankruptcy proceeding collide. Attorney Smith duly recorded the $151,691.58 judgment and caused restraining orders to be issued against the bank accounts of Dr. Yarinsky and SSPC, in apparent violation of the automatic stay protection afforded the debtor by virtue of the Chapter 11 proceeding. He also filed a claim against debtor's bankruptcy estate based upon the judgment (which apparently was construed as objections to the confirmation plan).

Although Attorney Smith professed to believe that child support and spousal maintenance were exempt pursuant to § 362, "as a precaution," he moved the bankruptcy court for *nunc pro tunc* relief from the § 362 automatic stay, on February 7, 2003. On February 27, 2003, the Honorable Robert E. Littlefield, Jr., United States Bankruptcy Court Judge, denied the motion for relief from the stay, and a written order dated March 12, 2003, to that effect was entered on March 19, 2003.

On March 7, 2003, Mrs. Yarinsky filed documents in the bankruptcy proceeding that were construed by the court as objections to the confirmation plan. The basis for the objections was that the plan called for Dr. Yarinsky to draw an annual salary of $150,000 from the debtor. Mrs. Yarinsky contended that prior to the formation of SSPC at the initiation of the matrimonial action Dr. Yarinsky had a gross revenue of about $1.6 million and a net income of just under $350,000. Her concern was that, while the gross revenues remained at over one million dollars, such a low salary draw would have a preclusive (and detrimental) effect in the setting of child support and spousal maintenance amounts in the matrimonial action.

On March 12, 2003, SSPC moved pursuant to § 362(h) and Fed. R. Bankr.P. 9011 for a finding that the automatic stay was violated and for resultant compensatory damages. SSPC sought Rule 9011 sanctions contending that there was no basis upon which the spouse of debtor's principal could object to debtor's confirmation plan.

At a confirmation hearing held on March 14, 2003, the bankruptcy court found that Mrs. Yarinsky had standing as a party in interest to object to debtor's confirmation plan under the theory that SSPC was a corporate shell unreasonably retaining earnings so as to protect debtor's principal, Dr. Yarinsky, from state court judgments. (*See* 3–14–03 Hearing Tr. at 12, 20.)

Also during the March 14, 2003, hearing the bankruptcy court discussed with both counsel what the effect of confirmation would be. The bankruptcy court stated that confirmation would only constitute a finding that the $150,000 salary for Dr. Yarinsky was not unreasonable. *Id.* at 30–32. The bankruptcy court impressed upon Attorney Smith that if Mrs. Yarinsky pursued the objections, then a hearing would be required and she would have the burden of proving that the debtor was indeed a shell corporation formed to shield Dr. Yarinsky's income from the state court judgments. Attorney Smith asserted that

---

1. This order was affirmed by the New York State Supreme Court, Appellate Division, Third Judicial Department on December 18, 2003. (*See* Smith Letter of Dec. 18, 2003, Attachment.)

experts were required to do that and the bankruptcy court responded that it had no authority to order debtor to pay expert fees, unlike in a matrimonial action. *Id.* at 28–29. The bankruptcy court then adjourned the matter so that Mrs. Yarinsky could consider whether to pursue or withdraw her objections to confirmation. *Id.* at 35. By letter dated March 26, 2003, Attorney Smith notified the bankruptcy court and the debtor that the objections to the plan would be withdrawn.

On April 23, 2003, debtor made an additional motion to extinguish the judgment (income execution) pursuant to 11 U.S.C. §§ 105, 362, for compensatory damages, and for sanctions. (R. 69–75.)

On May 1, 2003, Bankruptcy Judge Littlefield issued a bench decision on debtor's motions, finding that Attorney Smith, Attorney Bunting, and Mrs. Yarinsky willfully violated the stay. He ordered the judgment (income execution) extinguished by 5:00 p.m. on the following day, upon which the punitive damages claim would be denied. He further found that the debtor was entitled to compensatory damages and that Attorney Smith, Attorney Bunting, and Mrs. Yarinsky would be held jointly and severally liable for such damages. The oral order provided that debtor make an application for compensatory damages within one week (by May 8) and that Attorney Smith, Attorney Bunting, and Mrs. Yarinsky respond within two weeks (by 5/22). The motion for fees and expenses was set down for May 29, 2003, on submit. This oral decision was exemplified by written order filed on May 7, 2003. However, the written order provided that the application for fees and expenses was due within one week of that date, to wit: May 14, 2003 (seemingly in conflict with the May 1, 2003, oral order).

On May 16, 2003, the debtor filed and served the application for compensation and fees. Attached was the written order filed on May 7, 2003. Attorney Smith contends that his receipt of this application on May 19, 2003, was when he learned that the May 7, 2003, written order had been signed and filed.

On May 23, 2003, Mrs. Yarinsky filed a motion to extend the time to file a late notice of appeal. On May 25, 2003, debtor again moved, by Order to Show Cause on shortened notice, for sanctions, compensatory damages, and punitive damages. At a hearing on June 4, 2003, debtor's request for punitive damages was denied. Also on June 4, 2003, the bankruptcy court denied Mrs. Yarinsky's motion to file a late notice of appeal, and a written order to that effect was entered on June 10, 2003. A timely appeal of that June 10, 2003, order was filed (No. 03–CV–896).

Also on June 10, 2003, the bankruptcy court entered an order denying the portion of debtor's order to show cause related to the income execution as moot. The bankruptcy court further ordered that debtor was entitled to compensatory damages for a second willful violation of the stay to be paid by Attorney Smith "as a result of his behavior." Determination of the amount of compensatory damages was adjourned. A timely appeal of this June 10, 2003, order was filed (No. 03–CV–897).

On July 15, 2003, Judge Littlefield further determined the amount of compensatory damages awarded to debtor to be the sum of $5,792.50, comprised of $5,758.75 in counsel fees and $38.75 in expenses. (7–15–03 Hearing Tr. at 7–8.) The bankruptcy court ordered that Attorney Smith, Attorney Bunting, and Mrs. Yarinsky were jointly and severally liable for $5,042.50, and Attorney Smith was solely liable for $750.00. *Id.* A written order to this effect was entered on July 16, 2003. A timely appeal of this order was filed (No. 03–CV–996).

These three appeals were consolidated and are now ready for determination.

## III. DISCUSSION

### A. Standard of Review

■ In reviewing a bankruptcy court's decision, a district court applies the clearly erroneous standard to conclusions of fact and *de novo* review to conclusions of law. *In re Manville Forest Prods. Corp.*, 209 F.3d 125, 128 (2d Cir.2000); *In re Petition of Bd. of Directors of Hopewell Int'l Ins. Ltd.*, 275 B.R. 699, 703 (S.D.N.Y. 2002); Fed. R. Bankr.P. 8013. A bankruptcy court's decision regarding an award of fees and sanctions is subject to review for an abuse of discretion. *Feldman v. United Merchants & Mfrs., Inc.*, No. 97 CIV. 5437(DC), 1999 WL 4929, at *1 (S.D.N.Y. Jan. 5, 1999).

### B. Denial of Motion to File an Untimely Appeal

■ Ordinarily a motion to extend the time to file an appeal must be filed before the time for filing a notice of appeal has expired. Fed. R. Bankr.P. 8002(c)(2). A motion filed after the time for filing a notice of appeal has expired, but not exceeding twenty days after the expiration of such time, is grantable only upon a showing of excusable neglect. *Id.; In re Hilliard*, 36 B.R. 80, 82 (S.D.N.Y.1984). Whether any particular showing constitutes excusable neglect rests upon judicial discretion. *In re Hilliard*, 36 B.R. at 82. The party seeking the extension of time to file an appeal has the burden of establishing excusable neglect. *Id.*

There was a fourfold basis upon which permission to file a late appeal was requested. First, Attorney Smith contended that he was unaware that the May 7, 2003, order had been signed and entered until he received debtor's application for fees and expenses on May 19, 2003. Second, he

stated that his client, Mrs. Yarinsky, was out of the state, in Ohio, due to an accident in which her mother was involved, and that the mother died on May 21, 2003. Third, Attorney Smith argued that he had insufficient technology and computer literacy to access filing records electronically and that he relied upon being served as required by the bankruptcy rules. Finally, Attorney Smith contended that the submission of the application was untimely, as the May 1, 2003, oral order of the bankruptcy court required such submission within one week.

■ As to the first three contentions, it was within the proper exercise of discretion to have determined that any neglect presented was not excusable. First, Attorney Smith was present in open court on May 1, 2003, when the bankruptcy court directed that debtor's counsel submit an order within one week. Thus, Attorney Smith was on notice that such an order would be filed within a short time, and it was not outside the court's discretion to determine that failure to become aware of the filing was not excusable. *See In re Hilliard*, 36 B.R. at 82. Second, Attorney Smith was aware that Mrs. Yarinsky was out of state within the time for appeal—he simply could have moved for an extension of time to appeal within that time, before contacting his client. The bankruptcy court did not abuse its discretion in rejecting this basis for filing a late appeal. Third, insufficient technology and computer literacy is not a valid excuse for failing to make oneself informed, particularly when previously made aware that a written order was to be filed.

■ However, failure of the debtor to file the application for compensation within one week, as directed by the bankruptcy court, provides a sufficient basis for finding excusable neglect. Indeed, failing to

find excusable neglect and grant the late appeal constituted an abuse of discretion.

The original order awarding compensatory damages for violation of the automatic stay would essentially be moot if the actual application for those damages was never filed. Thus, in the absence of the actual application, there would be no need to appeal the award. The award was made by verbal order on May 1, directing the debtor to file the application within one week (May 8). The written order dated May 7, 2003, also required the debtor to file within one week (May 14). The debtor did not file the application until May 16. Thus, the debtor missed both deadlines.

Where, as here, the application was not received until after the deadline set in the order granting the award, and after the time for filing an appeal to the original award had passed, it constitutes an abuse of discretion to disallow the late filing of an appeal. The abuse of discretion in rejecting this basis for excusable neglect is particularly apparent when viewed in light of debtor's late filing of the application for damages with no consequence from the bankruptcy court. Additionally, the court adjourned the motion until May 29, 2003, at the least creating confusion about when an appealable order was entered. Finally, the motion to file a late appeal was made on May 23, a mere four days after receipt of debtor's application for fees on May 19, the first time Attorney Smith would have been aware that debtor intended to pursue compensatory damages (since such application was filed after the due date). This appeal had no bearing upon the timing of the eventual confirmation of debtor's plan. Accordingly, in the limited factual circumstances presented here, the bankruptcy court abused its discretion in denying the motion to file a late appeal, and this determination must be reversed.

Because what would have been the substantive issue on the appeal (that is, whether the finding that there was a willful violation of the stay was proper) was not at issue here, it is most appropriate to remand this matter for the appeal to be perfected. Moreover, the remaining issues on the current matter may become moot should such appeal be resolved in favor of Attorney Smith, Attorney Bunting, and Mrs. Yarinsky. Accordingly, the issues of the compensatory award against Attorney Smith individually and the amount of the compensatory award against Attorney Smith, Attorney Bunting, and Mrs. Yarinsky will be addressed, if necessary, at the time of the resolution of the appeal of the original order finding a willful violation of the stay.

## IV. CONCLUSION

The bankruptcy court abused its discretion in finding no excusable neglect, although it appeared that an appeal of the original order awarding compensatory damages for willful violation of the automatic stay would be unnecessary because debtor failed to file an application for damages within the time period set by the court. The other issues on this appeal directly flow from the substantive issue on the appeal of the original award—whether there was a willful violation of the stay—and therefore will be held in abeyance for a resolution of that appeal.

Accordingly, it is

ORDERED that

1. The decision of the bankruptcy court denying Attorney Smith, Attorney Bunting, and Mrs. Yarinsky permission to file a late appeal to the oral order of May 1, 2003, or the written order of May 7, 2003, is REVERSED;

2. Attorney Smith, Attorney Bunting, and Mrs. Yarinsky may file an appeal of

that decision with the bankruptcy court on or before June 23, 2004, with briefing to be completed as directed by the Bankruptcy Court Clerk;

3. The appeal being filed pursuant to this order will be filed in the lead case, No. 03–CV–896; and

4. The remaining issues on this appeal will be considered, as necessary, *without additional briefing* upon resolution of the appeal of the May 1, 2003, oral order and the May 7, 2003, written order.

IT IS SO ORDERED.