**In re: Robert L. MARRA, Debtor.**

**The Cadle Company, Plaintiff,**

**v.**

**Robert L. Marra, Defendant.**

**Bankruptcy No. 01–30923 (ASD).**
**Adversary No. 01–3075.**

United States Bankruptcy Court,
D. Connecticut.

Aug. 16, 2005.

Charles P. Costanzo, Guilford, CT, for Robert Marra.

## MEMORANDUM OF DECISION ON MOTION FOR EXTENSION OF TIME

ALBERT S. DABROWSKI, Chief Bankruptcy Judge.

### I. INTRODUCTION

The instant contested matter concerns the Plaintiff's request for an extension of time to commence an appeal of the judgment in this adversary proceeding. Because this request was filed after the expiration of the time prescribed by Bankruptcy Rule 8002(a) for the filing of a Notice of Appeal, the Plaintiff must demonstrate "excusable neglect". In view of the Plaintiff's failure of proof, the instant motion shall be DENIED.

### II. PROCEDURAL BACKGROUND

The Debtor commenced the instant bankruptcy case by the filing of a voluntary petition under Chapter 7 of the United States Bankruptcy Code on March 7, 2001 (hereafter, the "Petition Date"). On June 4, 2001, The Cadle Company (hereafter, the "Plaintiff") initiated the instant adversary proceeding through the filing of a complaint seeking to deny the Debtor-Defendant his bankruptcy discharge pursuant to Bankruptcy Code Section 727(a)(2)(A). The Complaint alleged, *inter alia*, that the Debtor transferred funds to a Connecticut limited liability company with intent to hinder, delay and/or defraud the Plaintiff.

Trial of the adversary proceeding was held before this Court on January 13, 2003. Concluding that the Plaintiff had failed to meet its burden of establishing that the Debtor acted with the requisite intent under Section 727(a)(2), this Court entered its *Memorandum of Decision on Complaint to Deny Discharge* (Doc. I.D. No. 32) and *Judgment* (Doc. I.D. No. 33) (hereafter, the "Judgment"), overruling the objection to discharge.

The Plaintiff subsequently appealed the Judgment to the United States District Court for the District of Connecticut, *Cadle Company v. Robert L. Marra (In re Marra)*, Case No. 3:03CV402 (RNC) (hereafter, the "First Appeal"). By *Ruling and Order* dated April 20, 2004 (hereafter, the "Ruling"), Chief United States District Judge Robert N. Chatigny reversed the Judgment, and remanded the adversary proceeding to this Court for further proceedings consistent with the Ruling (hereafter, the "Remand"). *In re Marra*, 308 B.R. 628 (D.Conn.2004).

On September 21, 2004, this Court issued its *Memorandum of Decision on Remand* (Doc. I.D. No. 47) and *Judgment Pursuant to Remand*, (Doc. I.D. No. 48) (hereafter, the "Remand Judgment") responding to the Remand, and reaffirming judgment in favor of the Debtor-Defen-

dant, by articulating this Court's decision in terms consistent with the Ruling.

On October 7, 2004, the Plaintiff filed the instant Motion for Extension of Time for Filing a Notice of Appeal (Doc. I.D. No. 51) (hereafter, the "Motion"). A hearing thereon was held October 27, 2004 (hereafter, the "Hearing").

### III. BASIS OF THE CURRENT MOTION

The facts which this Court will deem as constituting the record of the present matter are those which the Plaintiff has proffered in its Motion and at oral argument. Although the Debtor–Defendant accepts that record without objection, he directs the Court's attention to certain alleged inconsistencies and ambiguities therein.

There is no dispute that the time permitted for appeal of the Remand Judgment under applicable law passed without the Plaintiff having filed a Notice of Appeal. In attempted explanation of that default the Plaintiff's Motion supplied the following overview of the circumstances which it claims compel the relief sought therein. According to the Motion, the failure to file a timely Notice of Appeal—

was due to a lack of effective communication between the undersigned [*i.e.* Plaintiff's attorney] and the Plaintiff. The Plaintiff was sent a copy of the judgment and memorandum on September 23, 2004, and the undersigned did have only one telephone conversation with the Plaintiff a few days later, within the ten day limitation period, however, this telephone conversation was ineffective, in that it was either misunderstood or not understood as intended by the undersigned, or a combination the two. The lack of effective communication resulted in a mistaken assumption or belief by the undersigned that the Plaintiff did not want to appeal the judgment,

when the decision of whether or not to appeal the judgment had not been made by the Plaintiff. The undersigned, is, and was at all times relevant hereto, aware of the ten day time limitation in Bankruptcy Rule 8002, and the appellate rules applicable to the prosecution of this appeal. The undersigned is, and was at all times relevant hereto, competent and properly staffed to handle this appeal. The failure to file the Notice of Appeal had nothing to do with a lack of understanding of Bankruptcy Rule 8002, and in no respect was it due to a conscious disregard for that rule, and in no way was the delay for any improper purpose or advantage. The Plaintiff and the undersigned have at all times acted in good faith. Immediately upon learning of the plaintiff's desire to prosecute an appeal (at about 4:00pm on Tuesday October 5, 2004), the undersigned diligently worked to prepare and file this motion.

*Motion,* at pp. 2–3. At the time of the Hearing, the factual predicate for the Motion was stated by Plaintiff's counsel somewhat differently, to wit:

The reason for the delay was characterized as a mis-communication between the lawyer and the client. The client was out-of-state, and apparently unaware, at least the particular person at the client—at the entity I spoke to—was unaware of the ten-day limitation, and thought he was within the limit, and we weren't.

Tr. 10/27/04 at 11:08:38—58.

For ease of analysis, the following enumerated paragraphs comprise a synthesized factual summary of the record before this Court:

1. The Plaintiff learned of the Remand Judgment from its attorney well within the appeal period.

2. A representative of the Plaintiff[1] and the Plaintiff's attorney had a "conversation" during the appeal period concerning the Remand Judgment.[2] In retrospect this conversation was viewed by the Plaintiff and/or its attorney as "ineffective".

3. From the content of the "conversation", the Plaintiff's attorney formed a belief that the Plaintiff did not wish to appeal the Remand Judgment. The Plaintiff later claimed that a decision of whether or not to appeal had not been made at the time of the "conversation".

4. It is claimed that the "conversation" was "either misunderstood or not understood as intended . . . or a combination the two" by the Plaintiff's attorney.[3]

5. Eventually the Plaintiff communicated a desire to appeal the Remand Judgment, but at a time after the appeal period had run.

6. The Plaintiff's attorney was at all relevant times in possession of adequate legal knowledge and experience to understand and communicate to his client the requirements for prosecution of an appeal of the Remand Judgment.

7. Despite its attorney's knowledge, the Plaintiff itself *may* have been unaware of the 10–day appeal period.[4]

8. The Plaintiff and its attorney acted at all relevant times in good faith.

1. The specific person or persons with whom Plaintiff's attorney conversed are not identified either by name or title. All we know is that one such person is male.

2. The Court is not informed as to any of the content of that conversation.

3. Conceptually, this Court struggles to comprehend how an entire two-party "conversation"—as opposed to a statement or statements *within* a conversation—could be misunderstood by one or both of the participants. And because the Plaintiff does not

## IV. DISCUSSION

Under Bankruptcy Rule 8002(a), a Notice of Appeal "shall be filed with the clerk within 10 days of the date of the entry of the judgment . . . appealed from." Rule 8002 also provides that "[a] request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, *except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect.*" Fed. R. Bank. P. 8002(c)(2) (emphasis supplied).

■ The party seeking the extension of time to commence an appeal has the burden of establishing "excusable neglect". *E.g., In re Hilliard,* 36 B.R. 80, 82 (S.D.N.Y.1984). Here, the Plaintiff has attempted to meet that burden without producing any witnesses, or seeking to introduce any documentary evidence. The Plaintiff relied solely upon the account of facts presented in its Motion and by its attorney at oral argument.

In a similar context, the United States Supreme Court established a framework for the lower courts to utilize in assessing the existence of "excusable neglect". *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380,

identify the content of the misunderstood statement(s), it is impossible for the Court to assess the credibility and/or reasonableness of such representations.

4. The Plaintiff makes no attempt to explain why it did not understand, or learn from its attorney, the existence of a 10–day appellate deadline. Nor does the Plaintiff attempt to explain how it could be ignorant of the appellate deadline when it previously and timely pursued the First Appeal in this adversary proceeding.

113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).[5] The Court there undertook a bifurcated analysis of the phrase "excusable neglect"; looking first to the term "neglect", and then to the circumstances under which neglect may be "excusable".

## A. Neglect.

■ Guided by *Pioneer*, this Court turns first to an attempt to identify "neglect" in the record of this matter. *Pioneer* instructs that "neglect" embraces defaults "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388, 113 S.Ct. 1489. Most certainly though, "neglect" does not describe a process by which a party decides to forego an appeal and then changes its mind once the appeal period has run.

■ In the present case, the Plaintiff has not met its burden of demonstrating "neglect". The record is vague and conflicting; and the Court is left with little confidence as to the actual circumstances giving rise to the Plaintiff's lack of prosecution of an appeal. It simply is not clear whether, among other possibilities, the Plaintiff (i) made *no decision* during the appeal period (due to, *inter alia,* a lack of appreciation of the deadline), but later— after the appeal period had run—decided to appeal, or (ii) during the appeal period expressed a desire *not* to appeal, but later had a change of heart. The first of these possibilities could be fairly described as "neglect", while the latter is plainly outside a fair construction of that term. Because the record does not allow the Court to find either scenario as true, the Plaintiff has

failed to meet its burden with respect to "neglect".

## B. Excusable.

■ The Plaintiff has also failed to create a reliable evidentiary record establishing that any possible neglect is "excusable". In *Pioneer,* the Supreme Court adopted a multi-factored test for assessing what neglect is excusable, emphasizing that "the determination is at bottom an equitable one, taking account of all relevant circumstances" including: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the moving party, and (4) whether the moving party acted in good faith. *Id.* at 395, 113 S.Ct. 1489.

Although the Supreme Court in *Pioneer* plainly identified the operative factors, it did not instruct the lower courts how to weight these factors in the equitable balance. Nonetheless, the Second Circuit Court of Appeals has made clear that the third factor—the *reason* for the delay—is more salient than the others. *E.g., Silivanch v. Celebrity Cruises, Inc.,* 333 F.3d 355, 366 (2d Cir.2003).

In the instant matter, *Pioneer* factors one, two and four clearly favor the Plaintiff: the delay was slight, no significant prejudice can be found, and the Debtor has not alleged bad faith. Yet, as the Court of Appeals has observed, the first two *Pioneer* factors—prejudice and length of delay—will almost always favor the movant; and rarely will absence of good faith be at issue, *id.;* still, "absent a sufficient reason

---

**5.** *Pioneer* addressed the propriety of enlarging the time to file a proof of claim under the "excusable neglect" clause of Bankruptcy Rule 9006(b)(1). However, its authority has been considered highly persuasive, if not conclusive, in a host of other "excusable neglect" contexts, including extension of time disputes under Bankruptcy Rule 8002(c)(2). *See, e.g., In re Brown,* 313 B.R. 693 (W.D.Mich.2004).

for its delay, the fact that the delay and prejudice were minimal [will] not excuse" a movant's inadvertence. *Tancredi v. Metropolitan Life Ins. Co.,* 378 F.3d 220, 228 (2d Cir.2004).

The Plaintiff here has wholly failed to articulate or prove a coherent reason for its delay. The Plaintiff's version of the facts admits to many differing possibilities. Among those possibilities are the following: (i) that the Plaintiff had an *inaccurate pre-existing understanding of the applicable deadline,* which misunderstanding was *not timely identified or corrected* in discussions with its attorney; (ii) that the Plaintiff's *attorney mis-communicated* the appeal deadline to its client; (iii) that the *Plaintiff misunderstood* an accurate communication from its attorney concerning the appeal deadline; (iv) that the Plaintiff's *attorney misunderstood a directive* from the Plaintiff to commence an appeal; or (v) that despite accurate communication and understanding between lawyer and client, the *Plaintiff inadvertently failed to communicate its decision to its attorney in a timely manner.*

It is conceivable that one or more of the foregoing possibilities, if adequately established by evidence, could form the basis of excusability. Nonetheless, one or more others plainly do not describe an "excusable" situation. For example, respecting possibility (i), above, "[t]he excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules." *Weinstock v. Cleary, Gottlieb, Steen & Hamilton,* 16 F.3d 501, 503 (2d Cir.1994) (*quoting In re Cosmopolitan Aviation Corp.,* 763 F.2d 507, 515 (2d Cir.), *cert. denied,* 474 U.S. 1032, 106 S.Ct. 593, 88 L.Ed.2d 573 (1985)). Accordingly, given the ambiguous record before the Court regarding the precipitating cause(s) of any alleged "neglect", the Plaintiff has failed to meet its burden to establish that any such neglect was "excusable".

## V. CONCLUSION

In light of the foregoing, this Court must conclude that the Plaintiff has not carried its burden of demonstrating that its failure to timely appeal the Remand Judgment was due to "excusable neglect". The Motion shall be DENIED by separate Order.

## ORDER ON MOTION FOR EXTENSION OF TIME

The above-caption matter came before the Court after notice and a hearing. The Court entered this same date a *Memorandum of Decision on Motion for Extension of Time,* in accordance with which,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion for Extension of Time for Filing a Notice of Appeal (Doc. I.D. No. 51) is **DENIED.**